PEARLE T. JUHLIN, *Plaintiff*, v. F. D. HUTCHINGS, as Judge of the District Court of Wyandotte County, *Defendant.*

No. 18,800.

SYLLABUS BY THE COURT.

1. ACTIONS—*Quieting Title—Forcible Entry—Involving Same Issue—Pending in Two Courts at Same Time.* A party should be accorded no advantage in an action to quiet the title to real estate by any unlawful or forcible entry into the possession thereof prior to the commencement of the action.

2. INJUNCTION—*Order of—Not Reviewable in Action in Mandamus.* An order of injunction issued by a district judge restraining an inferior court from proceeding to the trial of an action of forcible entry and detainer can not be reviewed in an action in mandamus in this court.

3. QUIETING TITLE—*Jurisdiction of Court.* Under the pleading in the action to quiet title the district court had jurisdiction to determine all the issues and to protect the rights of the parties.

4. JURISDICTION—*Court First Acquiring Retains Jurisdiction—Injunction.* In such case the general rule is, as between courts of concurrent jurisdiction, that the court first acquiring juris-

diction may draw to itself all the issues between the parties which fairly inhere in the action before it and may enjoin other courts from interfering therewith during the pendency of the action.

Original proceeding in mandamus.    Opinion filed October 11, 1913.    Writ denied.

L. W. Keplinger, and C. W. Trickett, both of Kansas City, for the plaintiff.

James F. Getty, and Nathan Cree, both of Kansas City, for the defendant.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in mandamus brought against the defendant as a judge of the district court of Wyandotte county to compel the judge to vacate an order of injunction issued by him at chambers to the judge of the city court of Kansas City, restraining the latter from proceeding to the trial of an action of forcible entry and detainer therein pending, in which the plaintiff herein is plaintiff and one Phillips is defendant.    Prior to the inception of the action in the city court an action to quiet the title to the same property involved in the forcible entry action was brought in the district court.    The plaintiff, a Mrs. Barnes, in the district court action, alleged, as the basis thereof, that she was the owner and in the possession of the property.    It is conceded, however, in defendant's brief that the only possession she had was through a tenant, one G. A. Phillips, who is the defendant in the forcible entry action in the city court.    The action in the district court was commenced on April 17, 1913, and on May 13, following, Mrs. Juhlin, plaintiff herein, answered therein and alleged that the possession of the plaintiff was unlawful and could not be made the foundation of a suit to determine title.    On the same day Mrs. Juhlin in the city court of Kansas City filed a complaint in forcible entry and detainer against Phillips

and wife and to recover possession of the premises. On May 24 Mrs. Barnes filed her reply in the district court and made denial of the facts set up in the answer. In her petition here Mrs. Juhlin alleges that the defendants in the forcible entry action were tenants of plaintiff in the action to quiet title, and the forcible entry action against such tenants in the city court was the same as alleged as a defense in the action to quiet title.

It is thus apparent that the suits in the two courts have at least one issue in common. It is urged that the action of forcible entry and detainer is, in a sense, a summary action and that a continuance for a longer period than eight days is prohibited by statute, while the action in the district court takes the usual course of business and may be subject to long delays. After judgment, however, in the city court an appeal might be taken to the district court, where it might be tried promptly or might be continued as other actions.

As a general proposition it is true that the action of forcible entry and detainer is made a somewhat summary proceeding, that citizens may not be unlawfully driven or kept from their homes and be subjected to inconveniences and humiliation which can not be repaid in money; also to prevent or discourage personal conflicts and attempts to settle possessory rights by force.

On the other hand, of course, the plaintiff in the district court can not recover whatever may be her title unless she had lawful possession, and lawful possession is not acquired by forcible entry. Neither can a party better his position in bringing an action by unlawful acts, and courts should be zealous in maintaining the principle. (*Wilson v. Campbell,* 75 Kan. 159, 88 Pac. 548; *Iron Mountain & Helena R'd v. Johnson,* 119 U. S. 608.)

It is a general proposition, however, that the court first obtaining jurisdiction of a case may hold jurisdiction of all matters directly involved therein to the

exclusion of other courts of concurrent jurisdiction. It is generally less expensive and in every way prefer-able that all the issues which may be tried in one case should be so tried rather than in two or more actions.

It is true that during the necessary delay of the trial in the district court the plaintiff will lose the protection which a bond for double rent would give her if the case were tried in the city court and decided therein in her favor, and appeal taken from the judgment. However, we conclude that justice may be more fully done by a trial of all the issues involved in one court and that the precedents favor such procedure.

The writ is therefore denied.