No. 30,748.

The Bridgeport Machine Company, *Appellee*, v. (Arthur A. Beard, Inc., *Defendant*) William Anderson, A. F. Perry, A. A. Goering, Herbert A. Goering and Clarence J. Goering, Respondents in Contempt Proceedings, *Appellants*.

(11 P. 2d 990.)

Opinion filed June 4, 1932.

*Chas. G. Yankey, John L. Gleason, Kenneth K. Cox, John G. Sears, Jr., Harvey C. Osborne* and *Morris H. Cundiff,* all of Wichita, for the appellants.

*D. W. Eaton,* of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money for machinery furnished and for the appointment of a receiver. The immediate question is whether certain parties were guilty of contempt of the district court of Sedgwick county. Judgment was entered adjudging certain respondents guilty of contempt and ordering them to turn over to a receiver of that court an oil and gas lease and certain drilling machinery located thereon.

The case in which these proceedings were had was brought by the Bridgeport Machine Company against Arthur A. Beard, Inc. The petition alleged that the company was insolvent and asked for the appointment of a receiver. This action was filed and the receiver appointed about 11:45 in the morning of September 8, 1931. The corporation appeared at the time of the filing of the petition and consented to the appointment of a receiver, and one was appointed.

In the meantime things had been happening in McPherson county. In that county the respondents, the Goerings and Perry, owned an oil and gas lease. They had employed C. E. Beard to drill a well on this lease. They agreed to pay him a certain amount of cash, which has been paid, and to give him an interest in the well if it should turn out to be a producer. Beard assigned his interest in the well to Arthur A. Beard, Inc. He is president of this company. After drilling for a while the company became insolvent and stopped drilling. After the well had been shut down for about two weeks some laborers to whom the company owed wages filed an action in the district court of McPherson county and attached the lease, rig and tools. While the sheriff was holding the property under this attachment Perry and the Goerings brought suit in the McPherson district court to have all liens against the property adjudicated. In this suit they asked that a receiver be appointed. The Beard corporation was made a party to this suit, as was the Bridgeport Machine Company, and certain other lien claimants. It was filed before 9 o'clock on the morning of September 8, 1931. After filing the petition Perry and the Goerings gave notice to the Beard company that they would present their application for the appointment of a receiver at 2 o'clock that day. After the receipt of that notice the suit in Sedgwick county, which has been spoken of heretofore, was filed. Pursuant to this notice respondent Anderson was appointed receiver in the McPherson county action. He immediately took possession of the lease, started drilling the well and has been

in possession ever since. Sometime after Anderson had taken possession of the lease the receiver that had been appointed in the Sedgwick county action filed a verified statement in that action that respondents were about to disturb him in his possession of the lease. Whereupon, without notice to respondents and without making them parties to the Sedgwick county action, the court on September 10, 1931, entered an order directing all the respondents to not go upon the lease and to not interfere with the possession of the receiver of that court. This order further provided that a further hearing thereon would be held September 17, but the record does not disclose that any such hearing was held.

On November 9, 1931, a statement was filed by the receiver appointed by the Sedgwick county court charging respondents with violating the order of September 10. A citation was issued on this statement and was served upon the respondents. A hearing was had and the court found that all the respondents had violated the order of the district court of Sedgwick county, and that respondent Anderson was guilty of contempt of court in that he had taken possession of the tools, and the oil and gas lease, in violation of that court's receiver's right to possession.

The judgment of the court was that A. T. Perry, A. A. Goering, Herbert A. Goering, Clarence J. Goering and William Anderson were guilty of contempt. They were fined $10 each and ordered to deliver into the possession of the receiver appointed by the district court of Sedgwick county the oil and gas lease and all the property of any kind received by them in connection with the management of the lease.

From that judgment this appeal is taken.

It will be seen that the McPherson county action was filed before the one in Sedgwick county and that the appointment of a receiver was prayed for in it. The Sedgwick county action was filed after the McPherson county action, but its receiver was appointed before the receiver in the McPherson county action. A number of reasons are advanced by appellant why the judgment was wrong. The one that we will discuss in deciding the case is that the receiver of the McPherson county court was entitled to the possession and control of the lease, the tools and equipment, because the action in which he was appointed was commenced before the Sedgwick county action. If the district court of McPherson county acquired jurisdiction of the res when the action was filed in that court praying for the appointment of a receiver, then the district court of Sedgwick county

was without jurisdiction to appoint a receiver, and by the same token was without jurisdiction to issue its order of September 10, which respondents are charged with violating. There must be a time when the jurisdiction of one court is exclusive of that of any other court in cases where it is proper for the court to take possession of property by means of the appointment of a receiver. If this were not true there would be endless confusion. No one would care to deal with a receiver and instead of the appointment of a receiver simplifying matters and bringing to a speedy culmination the affairs of sorely tried litigants the courts would be crowded with vexatious suits and neighboring courts would be participants in unseemly rivalry.

First, there can be no doubt but that the appointment of a receiver was proper in both of these suits. In the Sedgwick county case the plaintiff was a creditor of the defendant and the insolvency of defendant was alleged and admitted.

In the McPherson county case the plaintiffs had a contract with the defendant company to drill a well. The well was partly drilled. It was essential to the preservation of the value of the lease that this well should not long be allowed to stand idle only half drilled. Furthermore, some workmen had filed liens against the property for labor; claims were made that the defendant company had a contract by which it had a certain interest in the lease if the well should turn out to be a producer.

R. S. 60-1201 provides as follows:

"A receiver may be appointed by . . . the district court . . . on the application of the plaintiff or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

Certainly, under the facts as they existed, the McPherson county case came within the terms of that statute.

The books are full of cases which hold that the court first acquiring jurisdiction of the *res* holds it to the exclusion of all other courts. We cannot express the rule better than in the language of Judge Sanborn in the case of *Sullivan v. Algrem,* 160 Fed. 366. There it was said:

"The legal custody of specific property by one court of competent jurisdiction withdraws it, so far as necessary to accomplish the purpose of that custody, until that purpose is completely accomplished from the jurisdiction of every other court. The court which first acquires jurisdiction of specific property by the lawful seizure thereof, or by the due commencement of a suit in that court,

from which it appears that it is, or will become, necessary to a complete determination of the controversy involved, or to the enforcement of the judgment or decree therein, to seize, charge with a lien, sell, or exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court, and entitles the former to retain the control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal. When a court has by lawful proceedings taken possession of specific property, it has during that possession and as incident thereto jurisdiction to hear and determine all questions respecting the title, possession, and control thereof, and courts of coördinate jurisdiction are powerless to render any judgment or decree that will invade or disturb the possession of the property while it is in the custody of the court which has thus first acquired it." (p. 369.)

The language was quoted with approval by the supreme court of Pennsylvania in *Tenth Nat. Bank v. Construction Co.*, 227 Pa. St. 354. The case of *Empire Trust Co. v. Brooks*, 232 Fed. 641, contains an able discussion of this question. In that case there had been an application for a receiver filed in the state court, and later in the same day a suit to foreclose a mortgage on the same land for which a receiver had been asked in the state court was filed in the federal court. The appointment of a receiver was asked in federal court and one was appointed. Subsequently a receiver was appointed by the state court and he made an application to the federal court to have the receiver appointed by that court deliver the property to him. The question was whether the filing of the suit where the appointment of a receiver was asked in the state court deprived the federal court of jurisdiction to appoint a receiver and have him take possession where the state court had not yet acted on the application. There the court said:

"Where the issues in the two suits are the same, and their subject matter substantially identical, comity and the orderly administration of justice, and the desire to avoid a conflict of jurisdiction, require of the court that last acquires jurisdiction, though it be the first to acquire possession of the property involved in the litigation, that it surrender such possession, on application, to the court of concurrent jurisdiction which first acquired jurisdiction of the controversy." (p. 645.)

This case narrows somewhat the application of, but does not overrule, the case of *McKinney v. Landon*, 209 Fed. 300, where the court said:

"The action in the state court was begun first, but the federal court first appointed receivers. Did the subsequent appointment of receivers by the state court relate back so that it may be said that it was in constructive possession of the property from the time the action was commenced? . . . The most difficulty arises in determining when possession of property has been taken,

when jurisdiction has attached to the exclusion or postponement of that of other courts. It is settled, however, that actual seizure or possession is not essential, but that jurisdiction may be acquired by acts which, according to established procedure, stand for dominion and in effect subject the property to judicial control. It may be by the mere commencement of an action the objects, or one of the objects, of which is to control, affect, or direct its disposition. (See *Mound Co. v. Castleman*, 110 C. C. A. 55-187 Fed. 921, and the cases cited.) The principle often applies 'where suits are brought to enforce liens against specific property to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected.' . . . But where the declared purpose of an action in whole or in part is directed to specific property, and the full accomplishment thereof may require judicial dominion and control, jurisdiction of the property attaches at the beginning of the action. And it is so if dominion and control are essential to the action, though not yet exercised." (pp. 305, 306.)

To the same effect is *La Rue Holding Co. v. Essex*, 45 S. W. 2d 319.

In the present case there can be little doubt that the action filed in Sedgwick county was an attempt to exercise jurisdiction over parties, subject matter and *res* over which the district court of Mc-Pherson county had already taken jurisdiction. The plaintiff in the Sedgwick county action was a party defendant in the McPherson action. Both actions were brought for the purpose of preserving the assets and determining the priority of liens. The defendant in the Sedgwick county case had notice before that action was filed of the pendency of the McPherson county case. The record shows that while the plaintiff in the Sedgwick county action had not had any formal notice of the filing of the McPherson county case, still it knew about it and knew that there was an application for the appointment of a receiver pending to be heard that afternoon. Knowing this and with the notice that has been spoken of, the action praying for the appointment of a receiver was filed and at the same time a consent to the appointment was filed by the defendant. The case has all the earmarks of one where for some reason or another litigants have made a strenuous effort to confer jurisdiction on a court of their own choosing when the proper court for the settlement of their business had already started to function.

We conclude that the judgment punishing respondents for contempt of court and directing them to deliver possession of the property cannot stand for the reason that the district court of Sedgwick county was without jurisdiction to appoint a receiver, and hence it was not contempt on the part of respondents to refuse to obey the order of that court to turn the property over to him.

The judgment of the district court is reversed.