No. 32,070

THE BANK SAVINGS LIFE INSURANCE COMPANY OF TOPEKA, *Appellant*, v. STANTON K. SCHROLL and GERTRUDE J. SCHROLL, His Wife, THE BEAVER LAKE CLUB, E. C. BRAY and LOIS C. BRAY, His Wife, *Appellees*.

(41 P. 2d 731)

Opinion filed March 9, 1935.

*W. L. Cunningham,* of Arkansas City, *John S. Dean,* of Topeka, and *Harry W. Frazee,* of Lawrence, for the appellant.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action brought in Hamilton county January 17, 1934, on a note for $6,000 executed by Stanton K. Schroll and wife and to foreclose a mortgage executed by them on certain described real property. E. C. Bray held a second mortgage on the real property. He and others were made parties defendant, and as to them the petition alleged they have or claimed to have some interest in or lien upon the premises, which interest or lien, if any, is second and junior to the lien of plaintiff, and that no personal claim is made against any defendant except Stanton K. Schroll and wife. The defendants Schroll and wife did not answer or otherwise plead to the petition. After some preliminary pleadings the defendant E. C. Bray, on March 23, 1934, filed an answer in which he first admitted the incorporation of plaintiff and the execution and delivery of the note and mortgage sued upon and denied all other allegations of the petition, and "for a second defense and by way of counterclaim against the plaintiff" he sought damages in the sum of $35,-000. As a basis for this claim of damages he alleged that for several years prior to September, 1932, he had been selling many loans to plaintiff and servicing and looking after loans in western Kansas made by other brokers and owned by plaintiff; that he received no monetary consideration for servicing such loans, but did so pursuant to an oral understanding with plaintiff that all renewals of loans so serviced by defendant should be made through him, and in that manner he would be able to make a commission on such renewals; that on September 1, 1932, for the purpose of evidencing such agreement and reducing it to writing, plaintiff, by its then president, E. H. Lupton, Jr., executed an instrument in writing in the form of a letter which was intended to and did set forth the terms of the agreement and was transmitted to, received, and its terms accepted by defendant, a copy of which was set out as a part

of the answer. It further was alleged that the agreement was carried out between plaintiff and defendant until about August 1, 1933, at which time plaintiff breached and repudiated the agreement, to defendant's damage in the sum named.

Plaintiff moved to strike from this answer this second defense and counterclaim for the reasons, broadly stated: *First,* that it did not arise out of the contract or transaction set forth in plaintiff's petition as the foundation of its claim, nor was it in any way connected with the subject matter of the actions set forth in such petition; and, *second,* that on January 15 (two days before this action was filed in Hamilton county and more than two months before defendant's answer was filed in that action) plaintiff had filed an action in Shawnee county against E. C. Bray, E. H. Lupton, Jr., and others, to set aside the contract alleged to have been evidenced by the letter of September 1, 1932, the breach of which was relied upon by defendant in this action as the basis of his claim for damages, on the grounds that the defendants in the Shawnee county action had entered into such contract as a part of a conspiracy to defraud the plaintiff, and had in fact defrauded the plaintiff in a large sum, which it sought to recover. In the action in Shawnee county personal service was had on the defendant E. C. Bray in that county, and the court, on the motion of plaintiff, had issued an order restraining the defendant E. C. Bray from attempting to enforce such claimed contract. This restraining order was in full force and effect at the time E. C. Bray filed his answer in the Hamilton county action and at the time plaintiff in that action filed its motion to strike. Copies of the pleadings, præcipes, service of summons on E. C. Bray, and of the restraining order issued, in the Shawnee county action, were attached to the motion to strike.

The trial court in Hamilton county overruled plaintiff's motion to strike, and plaintiff has appealed from that order.

Plaintiff's motion to strike should have been sustained upon both grounds urged. What was pleaded as a second defense and counterclaim is not a counterclaim as that term is defined in our statute (R. S. 60-711), for it did not arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, nor was it connected with the subject matter of the action. Appellee suggests it more properly should have been called a set-off, but since plaintiff's petition contains no allegations which would authorize a money judgment against Bray it could not be pleaded as a set-off. (R. S. 60-713.)

Upon the other ground urged, the motion to strike shows that before the Hamilton county action was filed, and long before Bray answered in that action, the same plaintiff had brought an action in Shawnee county, making Bray and others defendants, involving the rights of the respective parties under the identical contract pleaded by Bray in the Hamilton county action, the breach of which he alleges resulted in the damages he seeks to recover. Both were courts of general jurisdiction, having jurisdiction of the subject matter. Both acquired jurisdiction of the person of the defendant Bray. The Shawnee county court acquired such jurisdiction first in time, hence the controversy should have been tried in that court. In *Juhlin v. Hutchings*, 90 Kan. 618, 135 Pac. 598, the rule is thus stated:

"In such case the general rule is, as between courts of concurrent jurisdiction, that the court first acquiring jurisdiction may draw to itself all the issues between the parties which fairly inhere in the action before it and may enjoin other courts from interfering therewith during the pendency of the action." (Syl. ¶ 4.)

This rule is firmly established in our jurisprudence. See *City of Hutchinson v. Hutchinson Gas Co.*, 125 Kan. 346, 357, 264 Pac. 268. When the Hamilton county court was advised of that fact it should have declined to assume jurisdiction of that controversy. More than that, the Shawnee county court had issued an order, which had been served upon Bray, restraining and enjoining him from attempting to enforce the identical contract set up by him in the Hamilton county action. His pleading the contract and seeking damages for its breach was in contravention of that order. If he did not like that order the proper place for him to seek to have it set aside or modified was in the court where it was made. Appellee contends otherwise and says Bray was not seeking to *enforce* the contract, but was seeking damages for its breach. This contention may be characterized as being more ingenious than sound, for to recover damages he necessarily would have to establish that the contract he pleaded was valid, that it was breached by plaintiff, and that he suffered damages by its breach. Certainly he is endeavoring to enforce legal rights predicated upon the validity of that contract —the very question which is the subject matter of the action in Shawnee county. Appellee discusses several questions with respect to how the question was raised in the Hamilton county action. We shall not detail these. They are technical rather than substantial.

It is clear the Hamilton county court was advised of the pending action in Shawnee county. Copies of pleadings, præcipes, summons and restraining order were presented to that court. No question is raised as to the accuracy of that showing. The motion challenged the court's authority to hear the matter set up by Bray's answer. When that is done in any appropriate manner the court should decline to proceed.

The judgment of the court below is reversed with directions to sustain the motion to strike the second defense and counterclaim from the answer of the defendant E. C. Bray.

HUTCHISON, J., not sitting.