No. 34,484

NELLIE WATTS, *Appellee*, v. CORWIN GRANT WATTS, *Appellant*.

(98 P. 2d 125)

Opinion filed January 27, 1940.

*Burt Comer* and *Dean Lachenmyer*, both of Wichita, for the appellant.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellee.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, as *amici curiae.*

The opinion of the court was delivered by

THIELE, J.: This was an action originally instituted for divorce and alimony and subsequently changed to one for alimony alone, and from a judgment rendered the defendant appeals, the specifications of error generally covering alleged error in the admission of evidence, in making findings of fact, in the trial court's assuming jurisdiction with respect to a trust, etc., and in the ruling on a motion for a new trial.

The following statement will tend to explain the matters in controversy. Mary D. Watts, a resident of Butler county, died testate in 1918, and her will was subsequently admitted to probate in that county. Under that will she bequeathed and devised to A. L. L. Hamilton and J. B. McKay, or the survivor of them, in trust for Corwin Grant Watts, who was a foster grandchild, the undivided one-half interest in certain real estate, including oil and gas royalties and rents and incomes accruing therefrom, with full power and control, and directing the trustees to pay to Corwin Grant Watts, at such times as to them might seem necessary, such sums of money as in their judgment were necessary for his proper maintenance, support and education, and after he arrived at the age of twenty-one years to turn over to him all of the trust property remaining in their hands when, in their judgment and discretion, he had attained sufficient business judgment and had otherwise shown himself capable of handling the property, but the trustees were directed to hold and invest the property until they determined Corwin Grant Watts to be a suitable person to handle the same. In 1919 the trustees filed an annual report in the district court of Butler county and that court then assumed full and complete jurisdiction of the trustees and of the trust. Yearly reports were thereafter made to that court. In 1932 Hamilton died and McKay was appointed sole trustee and at the direction of that court gave bond in the sum of $20,000. Other matters pertaining to the trust will be referred to later.

At a time not definitely shown but not long prior to February 1,

1939, Nellie Watts filed the present action against Corwin Grant Watts in the district court of Sedgwick county, alleging she was a resident of that county; that she and Corwin Grant Watts were married in El Dorado in 1924 and lived together until about September, 1931, one child being born in April, 1926, the child being constantly in her care since her separation from defendant. She charged that defendant was guilty of gross neglect of duty, habitual drunkenness and extreme cruelty; that he was the owner of real and personal property of the value of approximately $40,000; that she had been receiving $50 per month from the estate of her husband managed by J. B. McKay, of El Dorado, Kan., etc., and she prayed *inter alia* for a divorce and permanent alimony. The abstracts do not disclose the contents of any answer that may have been filed.

At the trial plaintiff's evidence showed the marriage and birth of the child and tended to show that defendant was a drunkard, afflicted with a venereal disease which he had communicated to his wife, seriously affecting her health, causing her to undergo surgical operations, etc., and generally that he acted without regard to his marital duties and obligations.

One of plaintiff's counsel testified at length that he had made a thorough investigation of all the property and assets of the above-mentioned trust estate. Over objections of the defendant that the trial court was without jurisdiction over that estate, and that the witness was not qualified to testify with respect thereto, the witness placed values on what he stated were the assets of the trust estate. We need not recite the details of his testimony, the repeated objections, etc., nor the interlarded arguments of the witness and counsel and the comments of the trial court. About the time plaintiff concluded presentation of her evidence, she moved the trial court to dismiss without prejudice her cause of action for divorce, and to continue the action as one for permanent alimony.

Thereafter the trial court made findings of fact and conclusions of law which we summarize as follows: That plaintiff and defendant were residents of Sedgwick county, were married at El Dorado on October 4, 1924, separated about September, 1931, and had one child now about thirteen years of age; that defendant was guilty of gross neglect of duty, habitual drunkenness and extreme cruelty toward plaintiff; that the child was suffering from glandular trouble and had bad teeth, and the $50 per month which the mother re-

ceived was not sufficient for the support of the mother and daughter. Then follows a number of findings with respect to the creation of the trust estate; that the trustees had reported to the district court of Butler county; that the value of the property and securities in the hands of the surviving trustee was in the total sum of $45,172. Finding No. 11 reads:

"The court further finds that the plaintiff should be given sufficient definite sum of money as alimony for herself, and a further additional definite amount for the care, custody and control, education and culture, and medical relief of their minor child. The court makes this finding for the reason that the defendant is irresponsible and unfit to take care of the child, and to relieve the mother of the child of constant worry as to periodical payments for the support of the child.

"The court finds that the sum of fifteen thousand dollars ($15,000) should be set aside immediately for the plaintiff in this action as permanent alimony, and an additional sum of five thousand dollars ($5,000) for the benefit of the said child as above set out, all of this to be under the care and control of the mother."

By further findings the trial court directed that specific assets of the trust estate valued at $5,000 be assigned to the mother for her child, and that certain other assets and cash totaling $15,000 be transferred to the plaintiff. It also found that defendant should pay plaintiff's attorneys the sum of $750 upon their fees for bringing the action. Finding No. 15 reads as follows:

"The court further finds that all of said property is now in the possession of J. B. McKay, who took said property as trustee for defendant, and that a proper order should issue out of this court to the said J. B. McKay, directing him to appear in this court and advise the court fully as to all property now in his hands belonging to defendant, so that this court can, by proper orders, carry out the terms of the decree made herein."

Briefly stated, the conclusions of law were that the defendant was the actual owner of all the property remaining in the hands of J. B. McKay as trustee and that the language of the will was not sufficient to create a spendthrift trust after defendant had arrived at the age of 21 years; that Mary D. Watts could not establish a spendthrift trust in such manner as to deprive defendant's wife and child of necessary support and that the trust estate was liable for alimony, and that the trial court had power to enforce its judgment for alimony out of the property held by the trustee. In accordance with the findings and conclusions, the trial court rendered judgment in favor of plaintiff and against defendant for $15,000 as permanent alimony and $5,000 for support of the child, and directed the

amounts be paid out of the property and in the manner set forth in the findings; the costs were charged against the trust estate; the defendant was directed to pay plaintiff's attorneys upon their attorney fees the sum of $750, also to be paid out of the trust estate, and finally it was ordered that a certified copy of the journal entry be served upon J. B. McKay, trustee, and that he be ordered to appear on a day set and show cause why he should not be required to pay the judgments, and in the meantime he was restrained from delivering any of the property in his hands as trustee to the defendant.

In accordance with the above judgment, notice was served on the trustee, and he appeared specially and for the purposes of his motion only and moved to quash the service attempted to be made upon him for four specified reasons: (1) He was not a resident of Sedgwick county, was not a party to the above action, and no service was had upon him in Sedgwick county. (2) He was trustee of a trust being administered in Butler county under the jurisdiction of the district court of that county. (3) That in October, 1931, Nellie Watts had filed an application in the district court of Butler county in the matter of the trusteeship of Corwin G. Watts, and on hearing an order was made for the support and maintenance of herself and her minor child, and in November, 1932, that order was modified, and that the matters mentioned were a complete and final adjudication of the matters involved in the suit at bar. (4) The district court of Butler county having acquired full and complete jurisdiction of the trust and of the trustee, the district court of Sedgwick county had no jurisdiction to make or enforce orders to show cause or otherwise, as against the trustee. To this motion the plaintiff filed a reply, the contents of which need not be mentioned now. On the hearing of this motion the court made no ruling, indicating by its remarks the matter was going to the supreme court, and it wanted a ruling "to know where we stand." The court's order was that the hearing of the motion to quash was passed and continued to the next term. After the above order was made the defendant appealed to this court, specifying the errors noted above.

Stated broadly, the question before us is the power of the trial court to assume jurisdiction over the trust estate of which the defendant is the beneficiary, to hear evidence as to its value, and to apportion to plaintiff any part of it.

The trust in question was created by will, and after the settle-

ment of the estate of the testamentary donor in the probate court the trustees invoked the jurisdiction of the district court of Butler county, Kansas. That court assumed jurisdiction and for almost twenty years received the reports of the trustees and surviving trustee, approved their administration of the trust and their accounts, fixed allowances for their services, and in 1931 entertained plaintiff's petition for support money out of moneys which would otherwise have been paid to her husband, and made an appropriate order in connection therewith. Except for that order the trustee could not have paid her anything out of the trust estate.

We need not pause to inquire as to the correctness of the trial court's conclusion the trust created was not, after defendant reached the age of twenty-one years, a spendthrift trust, although appellant argues that it was under our decisions in *Sherman v. Havens*, 94 Kan. 654, 146 Pac. 1030; *Pond v. Harrison*, 96 Kan. 542, 152 Pac. 655; *Everitt v. Haskins*, 102 Kan. 546, 171 Pac. 632. Also, see Restatement Trusts, § 152, and comment c. Nor does this case now present the question whether the trust was either a spendthrift trust or a trust for support in which cases the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary by the wife and child for support or by the wife for alimony (Restatement Trusts, §§ 152, 154, 157), or a discretionary trust, in which such a result does not follow (Restatement Trusts, § 155).

It is to be observed that the trustee was not a party to the present action. Assuming the trial court had jurisdiction otherwise, it could make no valid order nor render any valid judgment disposing of the trust fund, unless the trustee were properly before it as a party to the action. (See *Bridge Co. v. Fowler*, 55 Kan. 17, 34, 39 Pac. 727; *Benton v. Benton*, 84 Kan. 691, 695, 115 Pac. 535; and 65 C. J. 868 [Trusts, § 757]; 26 R. C. L. 1360 [Trusts, § 224] and 20 R. C. L. 667 [Parties, § 8]; also, 2 Perry on Trusts and Trustees, p. 1489, § 873.)

Appellant repeatedly objected to any evidence being received as to the status of the trust funds and to the making of any order in connection therewith for the reason that the trust was within the jurisdiction of the district court of Butler county, Kansas, which not only had supervised the trust for many years, but had made specific orders for the payment of support moneys to the plaintiff. The trust was created by the will of Mary D. Watts, which was

duly admitted to probate in the probate court of Butler county, the county of her residence. When her estate was settled the trustees named in her will were residents of Butler county, as was the beneficiary under the trust. In addition, the original corpus of the trust estate was located entirely in Butler county. The trustees properly invoked the jurisdiction of the district court of Butler county and that court assumed and has since retained jurisdiction of the trust estate. Insofar as these matters are concerned, no other district court had concurrent jurisdiction. But if it be assumed that another court now has concurrent jurisdiction, we are confronted with the general rule that as between courts of concurrent jurisdiction the one which first acquires jurisdiction may draw to itself all matters inhering and retain such jurisdiction and control to the exclusion of any other court of concurrent jurisdiction. (See *Railway Co. v. Love,* 61 Kan. 433, 59 Pac. 1072; *Bridgeport Machine Co. v. Arthur A. Beard, Inc.,* 135 Kan. 711, 11 P. 2d 990; *Bank Savings Life Ins. Co. v. Schroll,* 141 Kan. 442, 41 P. 2d 731. See, also, 7 R. C. L. 1067 [Courts, § 105]; 14 Am. Jur. 444 [Courts, § 249]; and 15 C. J. 1134 [Courts, § 583].) Here we have not only the rule of law; we have the fact that plaintiff, prior to the filing of her action for divorce and alimony, applied to the Butler county district court for support moneys to be paid out of her husband's trust estate, and has been receiving them since. Lengthy discussion is not needed to demonstrate that the administration of the trust and the disposition of its assets cannot be permitted by various courts of possibly concurrent jurisdiction. If the present trial court may strike down a part of the trust, then a district court other than the district court of Butler county, if it had before it the defendant and his wife, might direct that other inroads be made. The result would be confusion. We conclude the trial court was without power and jurisdiction to make the order of which complaint is made.

Appellant does not contend the evidence is not sufficient to warrant a decree either for divorce or for separate maintenance. His contention is that the particular decree is not supported by competent evidence, and, as indicated above, that contention is sustained. It is clear that the decree fixing alimony and attorney's fees is based on the trial court's conclusion it had jurisdiction over the trust estate, and indeed there is no evidence that defendant had any other property. All parts of the decree fixing alimony and attorney's fees must therefore be set aside. In view of our conclusions, it is

unnecessary that we discuss appellant's specifications of error with respect to the admission of testimony as to the value of the trust estate, and the finding of the trial court thereon.

The judgment of the trial court is reversed.

ALLEN, J., dissents.