No. 39,469

Pat Talbott, *Appellee,* v. W. G. Talbott, *Appellant.*

(276 P. 2d 293)

Opinion filed November 13, 1954.

*Daniel D. Dwyer,* of Wichita, argued the cause, and *L. M. Kagey* and *Max L. Hamilton,* both of Wichita, were with him on the briefs for the appellant.

*Kenneth M. Nohe,* of Wichita, argued the cause, and *Eugene G. Coombs* and *George D. McCarthy,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal is an aftermath of a divorce action.

On March 5, 1953, plaintiff wife filed an action for divorce. On or about the same date her husband vacated their Wichita home, leaving her in sole possession thereof.

On August 25, 1953, the divorce action came on for hearing. Both parties were present in court in person and by counsel. Plaintiff was granted a divorce, permanent alimony of $22,000 in full settlement of all property rights, and also was granted custody of their three-year-old child. Defendant was ordered to pay $125 per month for its support and was given visitation rights at all reasonable times.

The decree provided that defendant be given possession of the home of the parties on or before September 8, 1953, and further provided:

"6. All other property of any kind or nature, including all personal property contained in the home at 43 Mission Road, Eastborough, Wichita, Kansas, except articles of personal clothing and any furniture which might have been moved to said home by the plaintiff, shall belong to the defendant; and any personal property of defendant or his daughter which plaintiff may have removed or which may have been lost by the plaintiff, belonging to the defendant or his daughter, shall be replaced;"

On September 8, 1953, plaintiff vacated the home and defendant moved back into it.

On October 20, 1953, defendant filed a motion in the divorce ac-

tion setting out the substance of the above-quoted provision contained in the decree and alleged that he had finally completed an inventory of all personal property contained in the home on the date he moved back into it, and further alleged that numerous articles of personal property were damaged or missing. A list of such items, including their values, was attached to the motion as an exhibit. This list contained numerous items of household and personal effects, ranging from a dinner fork to a pair of solid gold cuff links.

The prayer of the motion was for a judgment against plaintiff for return of the articles or, in the event the same could not be returned, a judgment for their value.

The motion contained a further request for an order reducing child-support payments.

On November 12, 1953, defendant filed a second motion in the divorce action which alleged that he had had difficulty from time to time over visitation rights; that on numerous occasions he had been unable to contact plaintiff with reference to seeing the child; that plaintiff had been calling their child "Gaines" (which was plaintiff's maiden name), and had been encouraging other people to call him by that name, all of which, it was alleged, had been done by plaintiff in an attempt to alienate the affections of the child from defendant.

The motion further alleged that on numerous occasions plaintiff had placed the child in a day nursery and had left it with "baby sitters" when she was away from home, and that on or about October 24, 1953, when plaintiff left on a European trip, she refused to permit defendant to keep the child during her absence.

The prayer of this motion was for an order specifically defining defendant's rights of visitation, and for a further order restraining and enjoining plaintiff from doing anything which might tend to alienate the child's affections from defendant.

These motions came on for hearing on November 23, 1953, at which time both of the parties were present in court in person and by counsel.

At the conclusion of the hearing the court denied both motions and ordered defendant to pay counsel for plaintiff the sum of $50 for his services in representing plaintiff in opposition to the motions.

Defendant has appealed and specifies as error the denial of each of his motions and the alleged refusal by the court to hear further

68

evidence in support of the motions. No complaint is made concerning the allowance of an attorney's fee.

With respect to the damaged or missing articles of personal property, defendant testified that he "knew" what property he had on the premises when he moved out in March, and that he made an inventory after moving back in September. His testimony then related to various articles, such as dishes, crystal, silverware, and so forth, which were either damaged or missing upon his return to the home. He admitted, however, that no actual inventory of any of the missing articles had been taken prior to the time he and plaintiff separated. The record, as abstracted, then states that "more testimony pertaining to missing articles and value was then offered." In the absence of a showing to the contrary, we assume that such further evidence was admitted and considered by the court.

The record contains approximately eleven pages of testimony and argument and colloquy between counsel, and court and counsel, with respect to matters pertaining to the child, as alleged in defendant's second motion. We will not encumber this opinion with a detailed recital of it. It is sufficient to say that it discloses the usual circumstances, bickering and problems which are ever present when children of tender years are victims of divorce.

In the course of the hearing the court commented to the effect the parties should realize they were divorced and that circumstances with respect to the child were "not quite the same" as they normally would be.

Concerning the articles of alleged damaged or missing personal property, the court commented to the effect that some of them might be "casualties" of the divorce, and that it was not in a position to "make rulings on forks and knives and things of that kind."

As before stated, both motions were denied.

In this court defendant contends that his evidence with respect to the alleged damaged or missing personal property made out a *prima-facie* case and was sufficient to shift the burden of explaining damage or absence to plaintiff, who, it is conceded, was in possession of the home from March until September, and it is contended the court in effect sustained a demurrer to a part of his evidence and at the same time refused to hear further evidence in support of his motion.

Substantially the same contentions, insofar as applicable, are made with respect to the ruling concerning the child.

In the first place, we think defendant's contention that the trial court in effect sustained a demurrer to a part of his evidence, and refused to hear further testimony, is not borne out by the record, taken as a whole. And neither can we subscribe to the argument that defendant's evidence placed plaintiff in substantially the position of one against whom a *prima facie* case of contempt is made out.

By the terms of the divorce decree plaintiff was to replace any articles of personal property which she may have removed or lost. By his own admission defendant had not inventoried the home prior to or at the time of their separation. It may well be that many of the items were not in the home at that time or were, as suggested by the court, "casualties" of the divorce, certainly a not uncommon happening in matters of this kind. In any event, after what appears to have been a rather lengthy and somewhat informal hearing, with all parties present, the trial court denied plaintiff's motion concerning the articles of personal property. It has not been made to appear that defendant was denied a full hearing on the merits, despite the remark of the court to the effect that it would not listen to any more evidence.

And now—with respect to the ruling on the motion pertaining to custody of the child and visitation rights of defendant.

Despite argument to the contrary, it does not appear that defendant was in any way denied a full hearing on the various complaints made by him concerning these matters. In fact, as we read the record, the trial court listened very patiently to everything defendant had to say on the subject and by its suggestions attempted to smooth over obvious friction between the parties pertaining to the child. The court's admonition to the effect the parties must realize that they were divorced, which in and of itself always creates an abnormal situation insofar as children are concerned, appears to have been very appropriate. We are advised that the trial judge who heard these motions is the same judge who presided over the divorce action. Such being the case, he was more familiar with the situation than he otherwise would have been. It always has been the rule in this state that matters pertaining to custody of children in divorce actions are within the sound discretion of the trial court, and that, absent an affirmative showing of abuse of such discretion, orders pertaining thereto will not be dis-

turbed by this court on appeal. (*Bierce v. Hanson*, 171 Kan. 422, 426, 427, 233 P. 2d 520.)

A careful review of the record convinces us that the trial court did not err in any of its rulings on the motions under consideration and they are affirmed.

WERTZ, J., not participating.