No. 43,871

Pat Talbott, *Appellee*, v. W. G. Talbott, *Appellant*.

(398 P. 2d 358)

Opinion filed January 23, 1965.

*L. M. Kagey* and *Stanford J. Smith*, both of Wichita, argued the cause and were on the brief for the appellant.

*John M. Reiff*, of Wichita, argued the cause, and *Eugene G. Coombs* and *William H. Dye*, of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

Price, J.: The sole question in this appeal is whether the district court of Sedgwick county had jurisdiction to enter an order increasing child support payments.

The facts are not in dispute.

In August 1953, in the district court of Sedgwick county, plaintiff wife was granted a divorce. She and defendant were the parents of a son three years of age, custody of whom was granted to plaintiff. Defendant was given reasonable visitation rights and was ordered to pay the sum of $125.00 per month for the child's support.

As a result of the not uncommon bickering between divorced parents of a minor child, the case of *Talbott v. Talbott*, 177 Kan. 66, 276 P. 2d 293, reached this court. The case involved disputes over items of personal property, visitation rights of defendant father, and other matters not material to the question presented in the present appeal.

The parties continued to reside in Wichita—Sedgwick county. Plaintiff had custody of the child and defendant made the $125.00 monthly support payments.

In January, 1963, plaintiff moved to the state of California. She took the child—then thirteen years of age—with her. She obtained employment and enrolled the child in a boy's boarding school.

At all times defendant continued to reside in Wichita.

During the summer of 1963 plaintiff filed a motion in the district court of Sedgwick county for an order increasing child support payments. Defendant countered with a motion, in the same court, for an order changing custody, alleging that for all practical purposes his visitation rights had been extinguished due to the removal of the child to California.

Following hearings at which testimony of the parties was taken, the court held that it was without jurisdiction to entertain defendant's motion for change of custody and dismissed the motion. It further held that it had jurisdiction of plaintiff's motion to increase child support payments and entered an order increasing the monthly payment from $125.00 to $225.00. Defendant also was ordered to pay $100.00 as plaintiff's attorney fee and to pay the costs of the proceedings.

The material portion of the applicable statute (G. S. 1961 Supp., 60-1510) provides:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and, except as by this section limited, may modify or change any order in this respect whenever circumstances render such change proper."

With respect to questions pertaining to custody, the statute, and its predecessor (G. S. 1949, 60-1510), have been construed as meaning that where in a divorce proceeding custody of a minor child is given to one of the parents, and later such parent leaves the state with the child and establishes a domicile in another state, the domicile of the child is the domicile of such parent, and the court which granted the divorce and made the custody order no longer retains jurisdiction to modify or change the custody of the child. *Kruse v. Kruse,* 150 Kan. 946, 96 P. 2d 849; *Leach v. Leach,* 184 Kan. 335, 336 P. 2d 425; *Niccum v. Lawrence,* 186 Kan. 223, 350 P. 2d 133; *Hannon v. Hannon,* 186 Kan. 231, 350 P. 2d 26, and *Tompkins v. Garlock,* 189 Kan. 425, 429, 430, 370 P. 2d 131.

Here the mother, to whom custody had been granted, moved to California and established a domicile in that state. She took

the child with her and its domicile thus became that of the mother. Defendant concedes that under the above rule the trial court was correct in holding that it was without jurisdiction to entertain his motion for change of custody, and no appeal is taken from that ruling. He does, however, appeal from the order relating to child support payments and the order for payment of an attorney fee and costs.

It is contended that the above quoted language of the statute contains but one sentence—providing for the guardianship, custody, support and education of minor children of divorced parents. It is argued that each of the words relates to the *welfare* of the child; that support is as material to the welfare of a minor child as custody, and that the only logical construction of the statute is that if the child of divorced parents is no longer domiciled in this state the rule with respect to continuing jurisdiction as to support should be the same as that with respect to custody.

There is no occasion here to repeat the reasoning of the foregoing cases with respect to continuing jurisdiction of matters pertaining to custody. The question here is whether, under the facts and circumstances, the district court of Sedgwick county had jurisdiction of the child support phase of the matter.

In our opinion it did. Defendant, who was, and is, the one making the payments, at all times continued to reside in Wichita, and thus was within the court's jurisdiction. Under the facts of this case, therefore, we hold that the district court of Sedgwick county had jurisdiction to make the order that it did.

The evidence as to the propriety and reasonableness of the amount of increase fixed by the court is not abstracted, and therefore, that question is not before us. The allowance of an attorney fee and the assessment of costs followed as a natural consequence of the order rendered.

We find no error and the judgment is therefore affirmed.

WERTZ, J., not participating.