No. 44,429

Dorothy H. Wheeler, *Appellee*, v. John D. Wheeler, *Appellant*.

(414 P. 2d 1)

Opinion filed May 7, 1966.

*Raymond L. Spring*, of Topeka, argued the cause, and *A. Harry Crane*, *Ward D. Martin*, *Arthur L. Claussen*, *Harvey D. Ashworth* and *John R. Hamilton*, all of Topeka, were with him on the brief for the appellant.

*Gerald L. Houghland*, Assistant County Attorney, argued the cause, and *Hugh H. Kreamer*, County Attorney, and *Robert C. Londerholm*, Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This appeal is from an order entered in a proceeding brought under the Uniform Reciprocal Enforcement of Support Act. (K. S. A. 23-419, *et seq.*) The facts are stipulated.

John D. Wheeler (appellant-defendant) and Dorothy H. Wheeler (appellee-plaintiff) were married on August 5, 1945, at Phoenix,

Arizona. They were divorced by the district court of Shawnee county on August 11, 1955. They are the parents of one child, Michael T. Wheeler, born October 3, 1947. The district court of Shawnee county had jurisdiction of the parties at the time of the divorce and awarded custody of Michael T. Wheeler to his mother and provided for his support by his father. Plaintiff is now a resident of Los Angeles county, California, and Michael presently resides with her. The defendant has remained in Kansas since the divorce and presently resides in Johnson county.

In February of 1962, the district court of Shawnee county approved an agreement between the parties relating to the custody, care and support of Michael and entered its order modifying its previous orders of August 11, 1955, in conformity with the terms of the agreement. The 1962 modification, based on the parties' agreement, provided for substantial support payments while Michael was in high school and also provided for college expenses if Michael should go to college. The modification order further provided that the duty to make support payments would terminate in the event Michael should drop out of high school for reasons other than health.

On May 18, 1965, the plaintiff filed this proceeding under the Uniform Reciprocal Enforcement of Support Act, referred to hereinafter as the act, in the superior court of Los Angeles county, California. Plaintiff alleged that defendant owed a duty of support to Michael T. Wheeler and prayed for an order to that effect. The California court found that defendant owed a duty of support as alleged and ordered the complaint transmitted to the district court of Johnson county, Kansas, for further proceedings under the act.

The defendant filed a motion to dismiss the complaint and proceedings thereunder on the grounds that the exclusive jurisdiction of the matter of the care, custody and support of Michael T. Wheeler was vested in the district court of Shawnee county insofar as any other court in the state of Kansas was concerned. Defendant further contended that the matter of any duty of support owed by him to Michael was *res judicata* under the order of the district court of Shawnee county and that the Uniform Reciprocal Enforcement of Support Act could not be interpreted to apply in a situation where the responding state under the act is also the forum state of the initial divorce and support proceedings between the same parties.

The defendant made all payments as required by the 1962 order of the district court of Shawnee county until April of 1964. At

that time he learned that Michael had been dropped from high school in October of 1963 because of poor attendance. Defendant advised plaintiff that he was ceasing to make support payments in accordance with the provisions of the 1962 order of the district court of Shawnee county.

In June 1964 Michael came to Kansas and lived with his father until the end of January 1965, with the exception of two weeks in August of 1964 when he visited his mother. In January of 1965, by mutual consent, Michael T. Wheeler returned to California to live with his mother.

At the hearing on the motion to dismiss, defendant introduced evidence, which was undisputed, that neither appellee nor Michael T. Wheeler had made any request or demand upon defendant for support from the time such payments were terminated in April 1964 until the institution of the proceedings under the act in May 1965.

On July 6, 1965, the district court of Johnson county entered its order overruling the defendant's motion to dismiss and directing him to pay child support in the amount of $125.00 per month until the further order of the court.

The defendant appealed and designated as points: (1) The district court of Johnson county was without jurisdiction, (2) the act as applied by the Johnson county court is unconstitutional, and, (3) the duty of support owed by defendant is *res judicata* under the order of the district court of Shawnee county.

Since appellant resided in Kansas at the time of the institution of the support proceedings the laws of Kansas as responding state are to be applied in this case. K. S. A. 23-425 provides:

"Duties of support applicable under this act are those imposed or imposable under the laws of any state where the obligor (appellant herein) was present during the period for which support is sought."

Other jurisdictions have adopted the same view in proceedings under the act. *Freeland v. Freeland,* Texas Civ. App., 313 S. W. 2d 943; *State of Calif.-Ment. Hyg. v. Copus,* 158 Texas 196, 309 S. W. 2d 227; *Rosenburg v. Rosenburg,* 152 Me. 161, 125 A. 2d 863; *Daly v. Daly,* 21 N. J. 599, 123 A. 2d 3.

Therefore it becomes necessary to consider the defendant's duty of support imposed or imposable under the law of this state.

The district court of Shawnee county had jurisdiction of the parties and made provision for the custody and support of their minor child in the initial divorce proceeding in 1955. The continu-

ing jurisdiction of the Shawnee county district court was exercised again in 1962 when the court entered its order modifying the original order. In *Talbott v. Talbott,* 194 Kan. 178, 398 P. 2d 358, it was clearly stated that even though a court might lose jurisdiction to modify or change the custody of a child where the child is given to one of the parents in a divorce proceeding and later such parent leaves the state with the child and establishes a domicile in another state, the jurisdiction is retained as to the child support phase of the matter. See also *Maston v. Maston,* 171 Kan. 112, 229 P. 2d 756; *In re Pettit,* 84 Kan. 637, 114 Pac. 1071.

The legislature departed from the usual rules of jurisdiction by making particular provisions for the jurisdiction of a court in providing for the custody and support of minor children stemming from a divorce action. K. S. A. 60-1610 (*a*) provides in pertinent part as follows:

"The court shall make provisions for the custody, support and education of the minor children, and may modify or change any order in connection therewith at any time, and *shall always* have jurisdiction to make any such order to advance the welfare of a minor child if (*i*) the child is physically present in the county, or (*ii*) domicile of the child is in the state, or (*iii*) the court has previously exercised jurisdiction to determine the custody or care of a child who was at such time domiciled in the state." (Emphasis added.)

It is clear in the instant case the jurisdiction of child support is retained by the Shawnee county district court. The question framed is whether or not jurisdiction of the Johnson county district court may be superimposed on that of Shawnee county by means of the Uniform Reciprocal Enforcement of Support Act. The issue is one of first impression in this jurisdiction. The plaintiff argues that under the provisions of K. S. A. 23-421 the remedies provided in the act are in addition to, and not in substitution for, any other remedy and that pursuant to this provision the district court of Johnson county has jurisdiction to enforce a support proceeding under the act, notwithstanding the original and continuing jurisdiction of the Shawnee county district court.

Both the appellant and the appellee rely on authorities from other jurisdictions. The plaintiff directs our attention to the case of *Thompson v. Thompson,* Fla., 93 So. 2d 90, which arose under a similar factual situation. The parties were divorced in Volusia county circuit court. The wife was awarded custody of a minor child and moved to the state of Connecticut. She commenced proceedings under the act in the latter state and the Connecticut

court addressed the proceedings to the circuit court of Duval county, Florida, which had become the husband's county of domicile in the meantime. The husband moved to dismiss on the grounds that the Volusia county circuit court, having entered the divorce decree, upon which the duty of support was based, retained exclusive jurisdiction of the matter and the circuit court of Duval county dismissed the proceedings on those grounds. The supreme court of Florida in reversing stated:

"And there is no difference, in principle, in enforcing the duty of support decreed by a sister state and in enforcing the duty when decreed by a court of this state, especially since it appears to be the *duty* of support imposed by a divorce or separate maintenance decree (as distinguished from the *amount* of the support so decreed) that is enforced by the responding state under the Act in question." (p. 93.)

The case may be distinguished from the one at hand for the reason that the Florida circuit court was asked to "enforce" a decree of another Florida court. In the instant case the Johnson county district court is not asked to enforce the decree of the Shawnee county district court, but rather to impose new and different obligations of support under the order of the superior court of Los Angeles county, California. The supreme court of Florida further stated in the Thompson case that the question of whether the lodging of a petition in the Duval county circuit court conferred jurisdiction to entertain an application for the modification of the support provisions of the Volusia county divorce decree was not presented and would not be decided.

Appellant relies on the case of *Freeland v. Freeland,* supra, in which the parties were divorced in the 17th District Court of Tarrant county, Texas. The wife was awarded the care and custody of three minor children and moved to Indiana. The husband was ordered to pay $25.00 per week as child support. The wife instituted proceedings under the act in the circuit court of Adams county, Indiana, and the court addressed the proceedings to the 95th District Court of Dallas county, Texas, the then residence of the husband. The 95th District Court of Dallas county overruled the divorced husband's plea of jurisdiction and *res judicata.* The Texas Court of Civil Appeals reversed on the grounds that the District Court of Dallas county, where the husband allegedly resided could not enforce the Indiana order under the act when a prior judgment of another district court of Texas, involving the same parties, had adjudicated the same matter.

The act as adopted in Kansas provides that when a court of this state, acting as the responding state, receives a matter referred from the initiating state, the Kansas court shall docket the cause, notify the county attorney, set a time and place of hearing and take such action as is necessary in accordance with the laws of this state to obtain jurisdiction. (K. S. A. 23-435.) It is further provided in K. S. A. 23-436 that if a court of this state acting as a responding state is unable to obtain jurisdiction of the defendant the court shall communicate this fact to the court of the initiating state and shall, on its own initiative, use all means to trace the defendant or his property. K. S. A. 23-437 provides that the court shall conduct proceedings under this act in the manner prescribed by law for an action for the enforcement of the type of duty of support claimed.

The effect of the plaintiff's complaint in this case is to ask the district court of Johnson county to amend, modify or change the earlier order of the district court of Shawnee county. To apply the act as requested by plaintiff (wife) in this case, would require a holding that a district court of one county in this state may acquire jurisdiction to modify support orders previously entered by the district court of another county. In view of the continuing nature of jurisdiction in child support matters such a holding would be in direct conflict with the established rule of this state that where once a court acquires jurisdiction of the subject matter and parties that jurisdiction continues to the exclusion of the exercise of jurisdiction of courts of coordinate jurisdiction. (*Schaeffer v. Schaeffer*, 175 Kan. 629, 266 P. 2d 282, and cases cited therein.)

We have no quarrel with, and indeed we approve, the intention of the act as declared in K. S. A. 23-421:

"The remedies herein provided are in addition to and not in substitution for any other remedies."

However, when, as here, this state is acting as a responding state, the act must be applied in accordance with the laws of this state. Since the district court of Shawnee county *shall always* have jurisdiction of the matter of support of Michael under the laws of this state, the proceedings under the act must be directed to that court. To hold otherwise might result in intolerable confusion. In considering the consequences of interference by another court of coordinate jurisdiction, when one court has acquired jurisdiction of the subject matter and parties, it was stated in *Schaeffer v. Schaeffer*, supra, at page 633:

"The general rule is that when a court of competent jurisdiction acquires jurisdiction of the subject matter and of the parties, its jurisdiction continues as to all matters therein involved until the issues are finally disposed of, and no court of co-ordinate jurisdiction should interfere with its action. (*Schaefer v. Milner*, 156 Kan. 768, 137 P. 2d 156; 14 Am. Jur. 436, § 243; 21 C. J. S. 745-748; *Ewing v. Mallison*, 65 Kan. 484, 70 Pac. 369; *Juhlin v. Hutchings*, 90 Kan. 618, 135 Pac. 598; *Rennolds v. Guthrie*, 103 Kan. 829, 177 Pac. 359; *Hepner v. Hepner*, 115 Kan. 647, 223 Pac. 1095; *Bank Savings Life Ins. Co. v. Schroll*, 141 Kan. 442, 41 P. 2d 731; *Watts v. Watts*, 151 Kan. 125, 98 P. 2d 125; *Graves v. National Mutual Cas. Co.*, 164 Kan. 267, 188 P. 2d 945.) It is essential to the proper and orderly administration of justice that the observance of the foregoing rule of law be enforced in order to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process."

Even though we hold, that under the facts in the instant case, jurisdiction of the matter of support is retained by the Shawnee county district court, the remedy under the act is not denied. We find the act to be within the familiar rule that a uniform law which is remedial in nature is to be liberally construed with reference to the object to be obtained.

As we have noted herein, under the provisions of K. S. A. 23-421, recourse to the act is an additional remedy and not a substitute for any other remedies. It is our view that plaintiff as custodian of Michael could avail herself of the benefits of the act in addition to the usual remedies available in the Shawnee county district court. In view of the provisions of K. S. A. 23-427 that jurisdiction of all proceedings hereunder shall be vested in the district courts and K. S. A. 23-435 (4), that the duty of the court of this state as responding state is to take such action as is necessary in accordance with the laws of this state to obtain jurisdiction, we hold that the district court of Johnson county, on timely notice of the pre-existing and continuing jurisdiction of the Shawnee county district court, should have transmitted the proceedings to the latter court. It then becomes incumbent on the district court of Shawnee county to proceed under the act as provided for in K. S. A. 23-435, including the modification, if necessary, of any decrees of the court relating to the matter of support. In this connection, the county attorney's statutory duty of representation, imposed under K. S. A. 23-429, carries with it authority to seek a modification of any existing support orders. In seeking to effectuate the enforcement of the remedies of the act under a similar factual situation in *State of Illinois ex rel. Shannon v. Sterling*, 248 Minn. 266, 80 N.W. 2d 13, the court stated in headnote 8:

"Under a liberal construction of the uniform act to accomplish its purpose, the county attorney's statutory right of representation reasonably carries with it the authority to apply to the court, by appropriate motion, for a modification of the visitation and custodial provisions of the final decree to the extent necessary to permit an enforcement of the duty of future support."

While our concern here is with the jurisdiction it is noted that K. S. A. 60-611 of the new code of civil procedure provides for the similar transfer of an action where want of venue is made to appear. The fact that the Shawnee county district court has multiple divisions is of no import. In *Combs v. Combs,* 99 Kan. 626, 162 Pac. 273, it was stated in syllabus 1:

"While the district court of Wyandotte county has three divisions and three judges it is one court, and it was not error to refuse the transfer from the first to the third division of the defendant's motion to modify a former decree rendered by the first division."

We note the modification order of the Shawnee county district court, based on the agreement of the parties was an attempt to relieve defendant of any duty to support Michael under certain conditions. In this connection it should be pointed out that the right of a child to support from its father is a chose in action which belongs to the child. It is beyond the power of the father to deprive the court of its right to make provision for the support of minor children as their welfare may require. (17 Am. Jur. 2d 516 § 682; 27B C. J. S. § 319 [4] p. 606; *Grimes v. Grimes,* 179 Kan. 340, 295 P. 2d 646; *Myers v. Anderson,* 145 Kan. 775, 67 P. 2d 542.)

Our construction of the act and the application thereof under Kansas laws resolves the question of constitutionality raised by defendant. Further discussion of this point would serve no useful purpose.

The principle of *res judicata* as generally applied, is not relevant to decrees awarding custody and providing for the support of minors. Such decrees become *res judicata* only as to matters then determined and as of the time the decree was rendered. (*Lyerla v. Lyerla,* 195 Kan. 259, 403 P. 2d 989; *White v. White,* 160 Kan. 32, 159 P. 2d 461.)

In accordance with the views expressed herein, the judgment of the district court of Johnson county is reversed and the cause is remanded with directions to transmit the proceedings to the district court of Shawnee county for further proceedings in conformity with the provisions of the act.

FROMME, J., not participating.