HON. PAUL I. MILES County Attorney, Orleans County Telephone: 474-2526
This is in response to your recent letter wherein you raise the following question: In a support proceeding commenced in Family Court, Orleans County, and forwarded to the appropriate California court for enforcement pursuant to Article 3-A of the Domestic Relations Law, entitled Uniform Support of Dependents Law, which is entitled to reciprocity because of its similarity to the Uniform Reciprocal Enforcement of Support Act, adopted by California, does California law apply in determining whether an 18 year old New York resident is entitled to support from her father who resides in California.
Initially, it should be noted that the Uniform Reciprocal Enforcement of Support Act itself creates no duties of family support but leaves this to the legislatures of the several states (see Commissioner's Prefatory Note to the Uniform Reciprocal Enforcement of Support Act, 1968 Revised Act, 9 Uniform Laws Annotated, p. 806). Similarly, the court in Matter ofSlochowsky v. Lavine, 73 Misc.2d 569 (Sup.Ct., Nassau Co. 1973), recognized that New York's Uniform Support of Dependents Law does not create an independent obligation apart from governing substantive support statutes. The relevant substantive child support statutes in New York (Family Court Act, § 413) and California (West's Ann. Civ. Code, §§ 241-242) differ in that a father's support obligation to his child ceases when the child reaches 21 under New York law, while the support obligation ceases at age 18 under California law.
Section 7 of the Uniform Reciprocal Enforcement of Support Act provides:
 "Duties of support applicable under this Act are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."
In applying this section, courts have consistently held that the laws of the responding state, where the alleged obligor resides, are to be applied in determining whether there exists a duty of support (State of New Jersey v. Morales, 35 Ohio App.2d 56,299 N.E.2d 920 [1973]; Engelsen v. Mallea, 180 N.W.2d 127
[Iowa, 1970]; M v. W, 352 Mass. 704, 227 N.E.2d 469 [1967];Wheeler v. Wheeler, 196 Kan. 697, 414 P.2d 1 [1966];Lambrou v. Berna, 154 Me. 352, 148 A.2d 697 [1959]). As stated in Neff v. Johnson, 391 S.W.2d 760 (Texas, 1965), "the law of Texas (the responding state) controls with respect to the age at which a minor ceases to be entitled to child support * * *". Since California law contains a provision with language identical to the Uniform Reciprocal Enforcement of Support Act (West's Ann. Code Civ. Proc., § 1670), and since it does not appear that support is sought for a period when the respondent father resided in New York, it is reasonable to conclude that a California court would, consistent with the above-cited cases, apply California law in determining the age at which the New York resident ceases to be entitled to child support from her California father.
Although New York's Uniform Support of Dependents Law contains no provision similar to section 7 of the Uniform Reciprocal Enforcement of Support Act, the following analysis by the court in Martin v. Martin, 58 Misc.2d 459, 461 (Fam. Ct., Ulster Co. 1968) is instructive:
 "However, the Uniform Reciprocal Enforcement of Support Act of California and the New York Uniform Support of Dependents Law are not identical, and although substantially similar (Landes v. Landes, 1 N.Y.2d 358), there is a substantial difference in respect to the persons liable for the support of dependents (Ross v. Ross, 206 Misc 1073, 1075) and in the matter of procedural detail (Matter of County of Santa Clara v. Hughes, 43 Misc.2d 559, 564-565). Moreover, in resolving the legal rights and liabilities of the respective parties, this court, where there are differences, is governed by the New York, rather than the California statute (Matter of County of Santa Clara v. Hughes, supra, p. 565; Matter of Trent v. Loru, 57 Misc.2d 382, 386) so that if any relief is to be given to the petitioner in this State it must be under New York rather than California law (Ross v. Ross, supra, p. 1076)."
Similarly, in Matter of Fleischer v. Fleischer, 24 A.D.2d 667
(3d Dept. 1965), a support proceeding commenced by a Florida resident against a New York respondent, New York law was applied in determining whether respondent was obligated to support the petitioner.
In light of the foregoing, we conclude that in a support proceeding commenced in New York and forwarded to California for enforcement pursuant to New York's Uniform Support of Dependents Law, which is entitled to reciprocity because of its similarity to the Uniform Reciprocal Enforcement of Support Act, adopted by California, California law applies in determining whether an 18 year old New York resident is entitled to support from her father who resides in California.