No. 25,116.

Martha J. Hepner, *Appellee*, v. Fred Hepner, *Appellant*.

SYLLABUS BY THE COURT.

1. Alimony — *Jurisdiction* — *Courts of Coequal Authority* — *Court First Acquiring Jurisdiction Retains It.* A court having prior jurisdiction of an action by a wife against her husband for alimony cannot be ousted of its jurisdiction over the parties and subject matter by the institution of a later action in another, state by the husband against the wife for a divorce, nor because such later action proceeds to judgment by default in the husband's favor; nor is that judgment a bar to the wife's prior action for alimony, where the wife did nothing to abandon her right to litigate her cause to a conclusion in the court of prior jurisdiction.

2. Appeal—*Alleged Errors Not Sustained.* Other minor matters urged as error examined and not sustained.

Appeal from Allen district court; Robert E. Cullison, judge. Opinion filed March 8, 1924. Affirmed.

*Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellant.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action by a wife against her husband for alimony.

The woman prevailed and the man appeals. His principal point is that several months after this action was begun, he went to Oklahoma where he claimed a residence, and there instituted an action on publication service against his wife for a divorce and obtained judgment thereon before issues were fully joined and tried in this action, and that at the time this judgment was rendered the woman was no longer his wife and consequently no alimony in her behalf could be awarded against him.

The Allen county district court had prior jurisdiction of the parties and of the subject matter long before the Oklahoma action for divorce was begun. Nothing thereafter done in Oklahoma did or could strip the Allen county court of jurisdiction. Having jurisdiction of parties and subject matter, the court rightfully proceeded to a final disposition of the cause before it. This is an elementary rule of comity between courts. But the rule is more than one of mere comity. It is one of fundamental necessity to the dignified

and orderly administration of justice and to prevent a collision of authority between courts, with all the unseemly consequences bound to flow therefrom. (*Johnson v. Cain*, 15 Kan. 532; *Juhlin v. Hutchings*, 90 Kan. 618, 135 Pac. 598; 15 C. J. 1134.)

In *Ewing v. Mallison*, 65 Kan. 484, 488, 70 Pac. 369, it was said:

"It is a principle of universal application, essential to the orderly administration of justice, in order to avoid conflict between tribunals of coequal authority, that the court first acquiring jurisdiction shall be allowed to pursue it to the end, to the exclusion of others; and that it will not permit its jurisdiction to be impaired or subverted by a resort to some other tribunal."

In *Missouri, K. & T. Ry. Co. v. Bradshaw*, 37 Okla. 317, the plaintiff, Bradshaw, had brought an action against a railway company before a justice of the peace in Oklahoma for a sum of money. Judgment was entered for plaintiff and the defendant appealed to the county court. In that court the cause was tried *de novo*, and the defendant answered, among other matters, that since the institution of that action on February 19, 1910, another action had been begun in Jackson county, Missouri, in which Bradshaw was defendant and the railway company was garnishee, in which apparently the same sum of money held by the defendant was claimed by a garnisher. The supreme court of Oklahoma said:

"Was the pendency of the foreign garnishment proceedings a bar to plaintiff's right of recovery? Obviously, no. Neither could said proceedings have properly been pleaded in abatement of the action, on account of the fact that said action was brought subsequent to the institution of plaintiff's action. The proper rule in such cases is that one who has been sued by his creditor cannot plead in abatement of the suit the fact that after it was commenced he was summoned in a foreign jurisdiction as garnishee in an action against the plaintiff, and that the maxim, 'Qui prior est tempore, potior est jure,' controls in such cases. To hold otherwise would inevitably bring about confusion, if not conflict, in the jurisdiction of courts that would embarrass and prove a hindrance in the administration of justice. . . .

"Pending garnishment proceedings subsequently brought in a foreign jurisdiction can neither be pleaded in bar nor in abatement of the action first brought by the creditor against his debtor." (pp. 318, 321.)

In *Wood v. Lake*, 13 Wis. 84, 94, it was said:

"It would be irrational and absurd to say that the court which had first acquired jurisdiction should arrest its proceedings, because the court of another government, having concurrent jurisdiction over the same subject-matter and parties, had subsequently attempted to take jurisdiction of the case."

In 15 C. J. 1183, it is said:

"Of course the court in which the first action is commenced cannot be

Hepner v. Hepner.

ousted of, nor will it yield, jurisdiction by reason of the subsequent commencement of another action between the same parties for the same cause of action in another state or country."

In *Allen v. Allen,* 188 Mich. 532, a husband brought suit in Michigan against his wife for a divorce. She filed a cross-bill for a divorce. He attempted to dismiss his action, but without leave of court; and went to Alaska where he obtained a decree of divorce. The Michigan court granted the wife a divorce upon her cross-bill, also permanent alimony, attorney's fees and an allowance for the support of a child. One of the cross-defendant's contentions was that the decree of divorce granted by the district court of Nome, Alaska, was a bar to the proceedings in Michigan, but the supreme court said:

"Inasmuch as the trial court of Genesee county first obtained jurisdiction in the premises, under the well-established rule, it would retain jurisdiction to decide the issues." (Citing cases.)  (p. 535.)

The syllabus on this point reads:

"4. Where complainant filed a bill for divorce in Genesee county, to which defendant filed her cross-bill, and complainant later went to Alaska, and secured a decree of divorce there, the Genesee circuit court which first obtained jurisdiction retained the same and could enter a valid decree for defendant under her cross-bill."

The case of *Phillips v. Phillips,* 69 Kan. 324, 76 Pac. 842, is pressed on our attention. There, as here, the wife brought an action in Butler county for alimony. Later the husband, a resident of Oklahoma, brought suit in that state against the wife for divorce. The wife appeared and contested the action in Oklahoma. Judgment was rendered in favor of the husband. He then pleaded the judgment in Oklahoma in bar of the alimony suit in Butler county, setting up the wife's answer and cross petition and a copy of the decree of the Oklahoma court. This court held that the Oklahoma judgment was *res judicata* as to all matters which could have been litigated in the Oklahoma suit, including alimony, and could not be relitigated in another action, although that other action was first begun. But this court was careful to add:

"We need not stop to inquire what might have been the result had not the wife submitted herself to the jurisdiction of the Oklahoma court or had there pleaded the prior pendency of the case in Butler county. After that court had decided against her she could not be permitted to open up and relitigate these questions, even though they are pending in another forum at the time of the first adjudication; she submitted herself to the Oklahoma court and must abide its determination."  (p. 328.)

The case of *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546, cited by appellant is not in point, because there the Missouri court which granted the divorce had prior jurisdiction, not only of the question of divorce but necessarily of such incidental questions as alimony, whether litigated or not litigated, and a later action for alimony could not be maintained.

The other errors argued by appellant need little discussion. The assigned error on the trial court's ruling on the demurrer to the petition is abandoned in this appeal. The evidence to support plaintiff's cause of action was sufficient as against a demurrer thereto. The facts developed in the trial abundantly established the truth of the recitals of the sheriff's return of service of summons by leaving a copy at defendant's usual place of residence, and no rule of law or logic compelled the court to give credence to defendant's affidavit which was at variance therewith.

It is contended that plaintiff submitted to the jurisdiction of the Oklahoma court. This is based on the following facts and circumstances. When plaintiff and her attorney in this action, Charles H. Apt, Esquire, were advised of the institution of the action in Oklahoma, Mr. Apt wrote to an attorney in Oklahoma concerning the matter. This Oklahoma attorney had retired from practice, and turned over the correspondence to another attorney who wrote to Mr. Apt:

"I find that the answer that was to be filed in the Hepner case is long overdue. I took the matter up with the court this week and got permission to file an answer at this time."

Mr. Apt testified:

"I did not employ him to act for me, but to give me information. He had no authority to act. I immediately answered that letter to tell him that he had no authority to proceed until we made some arrangements with my client."

This evidence was sufficient to support a finding (implied in the judgment) that the action of the Oklahoma lawyer was unauthorized. There is another and perhaps more potent answer to the contention of an entry of appearance in the Oklahoma court. The judgment in that case recites the appearance of Hepner in person and by his attorney—

"And the defendant appearing not, and having filed no pleading, answer, demurrer, and having been three times called in open court to appear and answer or plead, is adjudged to be in default."

Goddard v. National Bank.

This recital not only fails to show an appearance, but affirmatively shows the contrary.

The overruling of defendant's motion for a new trial is also urged as error. The only point therein made to which we have not already alluded was that the alimony allowed was excessive. It was for $1,000. Just what the financial circumstances of the defendant were is not shown by the abstract. The parties were elderly; both had reared families of children by former spouses; there had been an antenuptial contract between them relative to their separate control and ownership of their respective properties, but that contract did not bar an allowance of alimony; and the record does not show that the allowance was excessive nor that it was awarded through some error of law or abuse of judicial discretion.

No basis of reversible error is disclosed and the judgment is affirmed.