No. 49,764

HELGA T. NIXON, *Appellee,* v. MICHAEL L. NIXON, *Appellant.*

(596 P.2d 1238)

Opinion filed July 14, 1979.

*Muriel Andreopoulos,* of Kansas City, argued the cause and was on the brief for the appellant.

*L. D. McDonald, Jr.,* of McDonald & Dykes, of Overland Park, argued the cause, and *Thomas Francis Sullivan,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Michael L. Nixon appeals from an order entered by a judge of the district court of Johnson County, increasing the amount of child support fixed by a judge of the district court of Wyandotte County. For several reasons set forth in this opinion, we reverse.

Michael Nixon filed suit for divorce against Helga Nixon in Wyandotte District Court in April, 1975. Michael was then living in Wyandotte County; Helga and the couple's two minor children resided in Johnson County. Helga moved for a change of venue; the motion was overruled. The case was tried on August 25, 1975, before Judge Wayne H. Phillips, in division 7, Wyandotte District

Court. The parties were granted a divorce on the grounds of incompatibility; Helga was awarded custody of their two sons and Michael was ordered to pay monthly child support of $250, payable through the office of the clerk of the district court of Wyandotte County. Michael was also ordered to pay various debts of the parties, monthly alimony to Helga, and $550 to her attorneys. No appeal was taken. Helga filed motions in Wyandotte District Court for an order increasing child support in November, 1975, February, 1976, and September, 1976; all were heard and overruled.

Proceedings in Johnson County District Court, out of which this appeal arises, were commenced when Helga filed a document entitled "Motion" on October 18, 1977. She attached a copy of the Wyandotte divorce decree and asked the Johnson District Court "to render the requisite jurisdiction and venue . . . [and] to increase the child support amount." The Johnson court held a hearing on November 21, 1977, found that Helga and the children were residing in Johnson County, determined that it had venue and jurisdiction of the subject matter and of the parties, and entered its order increasing child support to $375 per month payable through the Johnson County District Court Trustee's office. Michael appeals.

Since statehood, the district court has been the trial court of general jurisdiction in this state. The first session of the Kansas legislature enacted Chapter XXII, Laws of 1861, which provides:

"The District Courts shall be courts of record, and, within their respective districts, shall have original jurisdiction in all civil cases whatever . . . ." § 1.

The General Statutes of Kansas, 1868, Chapter 28, provide:

"There shall be in each county . . . a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal (not otherwise provided by law) . . . ." § 1.

Our current statute, K.S.A. 1978 Supp. 20-301, provides:

"There shall be in each county a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law . . . ."

K.S.A. 60-607 provides that:

"An action for divorce . . . may be brought in the county in which the plaintiff is an actual resident at the time of filing the petition . . . ."

Our statutes dealing with divorce, separate maintenance, annulment, alimony, and domestic relations actions generally, are included within Article 16 of Chapter 60 of the Kansas Statutes Annotated. K.S.A. 60-1601 authorizes district courts to grant divorces on various grounds, including that of incompatibility. K.S.A. 1978 Supp. 60-1607 provides:

"(*a*) After a petition for divorce, annulment, or separate maintenance has been filed, the judge assigned to hear such action may, without requiring bond, make and enforce by attachment, orders covering the following matters:

. . . .

"(3) providing for the custody of the minor children, and the support, if necessary, of either party and of the minor children during the pendency of the action . . . ."

K.S.A. 1978 Supp. 60-1610 provides in applicable part:

"A decree *in an action under this article* may include orders on the following matters:

"(*a*) *Care of minor children.* The court shall make provisions for the support and education of the minor children, and may modify or change any order in connection therewith at any time, and shall always have jurisdiction to make any such order to advance the welfare of a minor child if (*i*) the child is physically present in the county, or (*ii*) domicile of the child is in the state, or (*iii*) the court has previously exercised jurisdiction to determine the custody or care of a child who was at such time domiciled in the state. The court shall make provision for the custody of the minor children only when the court has jurisdiction to make a child custody decree under the provisions of the uniform child custody jurisdiction act." (Emphasis supplied.)

The Uniform Child Custody Jurisdiction Act, K.S.A. 1978 Supp. 38-1301 *et seq.,* provides:

"(*a*) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(1) This state (A) is the home state of the child at the time of commencement of the proceeding . . . ." § 38-1303.

From the foregoing statutory authority and upon the undisputed facts before us it is clear that the Wyandotte District Court had jurisdiction to entertain the original action for divorce, to award custody of the minor children, and to make provision for their support. Its jurisdiction to modify its custody and support orders is a continuing one so long as the children are minors. Is this jurisdiction exclusive?

Justice Kaul summarized the applicable law clearly and succinctly in *Wheeler v. Wheeler,* 196 Kan. 697, Syl. ¶ 2, 414 P.2d 1 (1966):

"A court, which, in an action for divorce, makes an order, under the provisions of K.S.A. 60-1610(a), providing for the support of a minor child, retains jurisdiction of the matter of support to the exclusion of the jurisdiction of other courts of coordinate jurisdiction of this state."

Counsel for Helga seek to distinguish the *Wheeler* decision on the grounds that one of the district courts involved in that action was proceeding under the Uniform Reciprocal Enforcement of Support Act, and she contends that the courts involved in *Wheeler* did not both have jurisdiction. Neither argument is persuasive. In *Wheeler,* the Shawnee District Court granted a divorce, awarded custody of a minor child, and fixed child support payments. Later, the mother moved to California where she commenced an action under the Uniform Reciprocal Enforcement of Support Act. The California court found a duty of support and transmitted the matter to the Johnson District Court since the father was then living in Johnson County, Kansas. The Johnson District Court took jurisdiction and entered an order fixing support, thus superimposing its order on that of the Shawnee County District Court. This we held it could not do and we reversed the Johnson District Court and directed it to transmit the matter to the Shawnee District Court for further proceedings.

Thus in *Wheeler* as in this case we have an attempt by the Johnson District Court to take jurisdiction of matters which by statute are under the continuing jurisdiction of another district court of this state.

The district court which first obtains jurisdiction of a divorce proceeding, and which grants a divorce or separate maintenance, awards custody of the child, and enters an order for its support, has continuing and exclusive jurisdiction within this state over the matter of child support. Although jurisdictional facts might exist which would give other Kansas courts jurisdiction, such other courts should decline to exercise jurisdiction in the interest of comity.

Michael Nixon is presently under order by two Kansas district courts to make support payments of different amounts through different courts in accordance with the separate orders entered. This illustrates one good reason for the rule.

It has long been the rule in this state, and is the general rule elsewhere, that the court of competent jurisdiction which first

acquires jurisdiction retains it to the exclusion of any other court of concurrent jurisdiction. *Shields v. Fink, Executrix,* 190 Kan. 17, 372 P.2d 252 (1962); *Hoard v. The Home State Bank,* 176 Kan. 624, 272 P.2d 1054 (1954); *Schaeffer v. Schaeffer,* 175 Kan. 629, 266 P.2d 282 (1954). Stated another way, a court of coordinate jurisdiction should not attempt to interfere with pending proceedings already underway in a sister court. We should point out further that the Johnson District Court has been granted no appellate jurisdiction to review and modify judgments of other district courts within this state.

Finally, we should point out that K.S.A. 60-203 provides that a civil action is commenced by filing a petition with the clerk of the court. No petition has ever been filed in this matter in the Johnson District Court; thus, no action has been properly commenced in that court, and the proceedings are a nullity.

The judgment of Johnson District Court is reversed and the matter is remanded with directions to dismiss the proceeding.