(635 P.2d 1279)

No. 53,202

DAVID A. DIPMAN, *Plaintiff-Appellant*, v. SHERYL K. DIPMAN, *Defendant-Appellee.*

Opinion filed November 13, 1981.

*John C. Tillotson,* of Murray & Tillotson, Chartered, of Leavenworth, for the appellant.

No appearance by appellee.

Before FOTH, C.J., presiding, TERRY L. BULLOCK, District Judge, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BULLOCK, J.: David A. Dipman filed an action in the district court seeking a reduction in his child support obligation for the minor child of the divorced parties. That court dismissed Dipman's petition upon a determination that it lacked jurisdiction. This appeal followed.

The pertinent facts are these. A final decree of divorce based on a stipulation of the parties was entered November 13, 1979, in DeKalb County, Georgia, providing for child custody and support in favor of the wife. The husband remained in Georgia; the wife and child moved to Leavenworth, Kansas. On August 19, 1980, the husband filed his petition in the Leavenworth County District Court, requesting an order reducing child support payments on the grounds of changed circumstances. Personal service was obtained on the wife in Leavenworth County.

On the wife's motion to dismiss, the trial court found it had jurisdiction under K.S.A. 1980 Supp. 60-1610 to modify or change child support provisions "provided such modification or change is to advance the welfare of a minor child." The court, however, found itself without jurisdiction to *reduce* child support because such would not advance the welfare of the child.

A single issue is raised on appeal: whether a Kansas court of general jurisdiction, having personal jurisdiction of divorced parents and their minor child, has authority to enter an order

reducing the provisions for support of that minor child previously entered by a court of a foreign state?

Jurisdiction to determine a parent's duty to support a minor child has been held to proceed in Kansas from three sources: (1) K.S.A. 1980 Supp. 60-1610(*a*) (pertaining to Kansas divorces); (2) K.S.A. 23-451 *et seq.* (Uniform Reciprocal Enforcement of Support Act); and (3) common law concepts of *parens patriae. Keller v. Guernsey,* 227 Kan. 480, 608 P.2d 896 (1980).

Support orders under K.S.A. 1980 Supp. 60-1610(*a*) are limited by the terms of that statute to "[a] decree in an action under this article." The term "this article," of course, refers to Kansas judgments ordering divorce, separate maintenance or annulment. Inasmuch as the decree in the instant action was rendered not in Kansas but in Georgia, the trial court's reference to K.S.A. 1980 Supp. 60-1610(*a*) was inappropriate. In passing, however, we are constrained to note that the trial court also misconstrued its authority to modify child support orders under that statute when it held modification was limited to *increases* only. In our view, a decrease in child support, under proper circumstances, can "advance the welfare of a minor child" just as effectively as would an increase in support under other circumstances. For example, the psychological effect of unrealistically high support orders on some obligors is well known: in the frustration born of the hopeless arrearage, they pay *nothing.* In situations such as these, a reduction in support, resulting in an appropriate order which is actually and regularly paid thereafter, clearly advances the welfare of the minor child. K.S.A. 1980 Supp. 60-1610(*a*), as we view it, permits both increases and decreases in child support in appropriate cases involving Kansas decrees.

Inasmuch as this case does not arise under the Uniform Reciprocal Enforcement of Support Act (K.S.A. 23-451 *et seq.*), the second source of support jurisdiction, we turn to a consideration of the third: *parens patriae* jurisdiction. We begin with the fundamental proposition that the Kansas district court has been granted all general original jurisdiction not otherwise provided by law. K.S.A. 1980 Supp. 20-301; and see, *Egnatic v. Wollard,* 156 Kan. 843, 137 P.2d 188 (1943). The authority to enforce the common law parental duty of support of minor children has been held to be within the general *parens patriae* jurisdiction of the district court. *Keller v. Guernsey,* 227 Kan. 480. Inasmuch as this

action was filed in the district court, our court of general jurisdiction, and in view of the fact that no statute limits the general grant of jurisdiction contained in K.S.A. 1980 Supp. 20-301, we hold the *parens patriae* authority of the district court extends to all applications for modification of child support orders, whether for increase or for decrease.

Because the child support order in the instant action was rendered in a foreign jurisdiction, one final matter deserves mention. Under article four, section one of the Constitution of the United States, full faith and credit must be given in each state to the public acts, records and judicial proceedings of every other state. In implementing this provision of the Constitution, Congress has provided in 28 U.S.C. § 1738 that judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ." Accordingly, we must determine whether a child support order of the State of Georgia is subject to modification *within* the State of Georgia. If so, it may be modified here without doing violence to the mandate of full faith and credit. *Hicks v. Hefner,* 210 Kan. 79, 499 P.2d 1147 (1972). In the recent Georgia case of *Gilbert v. Gilbert,* 245 Ga. 674, 266 S.E.2d 490 (1980), the Supreme Court of Georgia held not only that Georgia child support orders are subject to modification, but that orders of foreign courts modifying Georgia child support orders will be recognized as valid in Georgia, provided the foreign court had in personam jurisdiction over the parties at the time the modification was made.

No statutory or constitutional impediment to *parens patriae* jurisdiction appearing, we hold the trial court's dismissal of this action for want of jurisdiction was erroneous. Accordingly, this cause is reversed and remanded to the district court with directions to hear the petition on the merits.

Reversed and remanded.