(776 P.2d 1204)

No. 63,206

TREVOR A. BOYCE and RYAN L. BOYCE, by Raymond L. Boyce, their father and next friend, *Appellants*, v. MARGENE G. BOYCE, *Appellee*.

Petition for review denied September 29, 1989.

Opinion filed June 30, 1989.

*David N. Sutton*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for the appellants.

*Darold D. Bolton*, of Marysville, for the appellee.

Before DAVIS, P.J., BRISCOE, J., and JACK L. BURR, District Judge, assigned.

BRISCOE, J.: Plaintiffs Trevor and Ryan Boyce, by Raymond Boyce, their father and next friend, appeal the dismissal of their common-law action for support which they filed against their mother, Margene Boyce. Although we disagree with the trial court's conclusion that it lacked subject matter jurisdiction, we affirm the dismissal. In reaching this conclusion, we rely upon comity and the "clean hands" doctrine.

Raymond and Margene were granted a divorce in Lancaster County, Nebraska, on December 4, 1979. Custody of their two sons was awarded to Raymond and custody of their daughter to Margene. The decree provided that neither party should pay child support.

On December 30, 1986, Margene filed an application for change of custody in the Lancaster County District Court, alleging a material change in circumstances since the custody decree. Margene sought custody of the two boys. Raymond responded and counterclaimed for child support for the boys, alleging Margene's financial condition had improved since the decree because their daughter was now emancipated and no longer dependent upon Margene for support. On September 17, 1987, the Nebraska court found there was no material change in circumstances and denied both parties' claims.

Three months later in Kansas, Trevor and Ryan, by their father and next friend Raymond, filed an action for support against their mother based upon a parent's common-law duty to support minor children. The petition alleged plaintiffs were residents of Marshall County, Kansas. Margene was personally served with the summons and petition while she was visiting in Kansas. Margene entered a special appearance in the case for the sole purpose of contesting the subject matter jurisdiction of the Marshall County District Court.

Following submission of briefs, the trial judge ruled that the Marshall County District Court was without jurisdiction to hear the petition as subject matter jurisdiction remained with the Nebraska court. Plaintiffs' motion to alter or amend the judgment was also denied.

Plaintiffs contend the trial court erred in ruling it was without jurisdiction. The trial court ruled that, absent a showing that said

jurisdiction had transferred to some other court in some other state, jurisdiction remained with the Nebraska court. According to the court: "To hold otherwise is to permit any party in any divorce action to file a separate and distinct action in any jurisdiction and force the other party to respond to an action filed virtually anywhere." The trial court cited *Nixon v. Nixon*, 226 Kan. 218, 596 P.2d 1238 (1979), for its holding that the district court which first enters an order of support in a divorce proceeding has continuing and exclusive jurisdiction within this state over the matter of support.

To properly decide the issue presented by this appeal, we must differentiate three separate concepts: (1) subject matter jurisdiction; (2) comity; and (3) full faith and credit. Subject matter jurisdiction and comity are not equivalent concepts. Subject matter jurisdiction is the power to decide concerning the general question involved and not the exercise of that power. *In re Miller*, 5 Kan. App. 2d 246, Syl. ¶¶ 5, 6, 616 P.2d 287, *aff'd in part and rev'd in part* 228 Kan. 606, 620 P.2d 800 (1980). Judicial comity is a principle by which the courts of one state or jurisdiction give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. Comity is not binding on the forum state, but is a courtesy extended to another state out of convenience and expediency. *Head v. Platte County, Mo.*, 242 Kan. 442, 447, 749 P.2d 6 (1988).

"Full faith and credit" and comity are similar but distinct concepts. Article IV, § 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." In implementing this provision, Congress provides in 28 U.S.C. § 1738 (1982) that the judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." In applying these provisions, the Kansas Supreme Court has held the general rule is that a judgment rendered by a court of one state is entitled, in the courts of another state, to recognition, force, or effect to the same extent and with as broad a scope as it has by law or usage in the courts of the state where the judgment was rendered. *Hicks v. Hefner*, 210 Kan. 79, Syl. ¶ 1, 499 P.2d 1147 (1972). Although comity and full faith and credit are similar and are sometimes used interchangeably (*Perrenoud*

*v. Perrenoud,* 206 Kan. 559, 576-77, 480 P.2d 749 [1971]), they are properly understood as distinct concepts. Full faith and credit is based upon the United States Constitution, whereas comity is based upon policy considerations.

In the present case, the trial court held it was without jurisdiction and cited *Nixon,* 226 Kan. 218, in support. *Nixon* involved a conflict between two district courts in Kansas concerning which court had jurisdiction to order child support. *Nixon* did not involve a jurisdictional question between courts in two different states. In *Nixon,* the original support order was issued in Wyandotte County and a motion seeking an increase in support was filed in Johnson County. The Supreme Court held that Wyandotte County retained jurisdiction over the support issue. According to the court, when a district court makes an order in a divorce action under 60-1610(a), it retains jurisdiction of support issues to the exclusion of other courts in the state. *Nixon,* Syl. ¶ 1. Although jurisdictional facts might exist which would give other Kansas courts jurisdiction, such other courts should decline to exercise jurisdiction in the interest of comity. *Nixon,* Syl. ¶ 3.

## Subject Matter Jurisdiction

Did the trial court have subject matter jurisdiction over plaintiffs' action for support? According to plaintiffs, this is a common-law action seeking support from their mother. A parent's duty to support may be enforced in civil proceedings in at least three ways. Depending upon the circumstances of the individual case, the proper remedy may be: (1) proceedings under K.S.A. 1988 Supp. 60-1610(a); (2) proceedings under K.S.A. 23-451; or (3) an action to enforce the common-law duty of support. *Keller v. Guernsey,* 227 Kan. 480, 488, 608 P.2d 896 (1980). It is a fundamental proposition that Kansas district courts have been granted all original jurisdiction not otherwise provided by law. K.S.A. 20-301. The power to enforce the common-law duty of support of minor children is within the *parens patriae* jurisdiction of the district court. *Dipman v. Dipman,* 6 Kan. App. 2d 844, 845, 635 P.2d 1279 (1981). Therefore, it is clear the Marshall County District Court had jurisdiction to address the issue of support.

What effect did the prior exercise of jurisdiction in this matter by the Nebraska court have on the subject matter jurisdiction of the Kansas courts? In several cases, the Supreme Court has

approved the exercise of *parens patriae* authority by district courts to enforce a parent's common-law duty of support where an out-of-state court had already entered support orders. In *Keller*, 227 Kan. 480, a nonresident mother filed an action for future support of the parties' minor children. Previously, New York courts had entered an order for support. On appeal, the Supreme Court held that the district court had subject matter jurisdiction based on the father's common-law duty of support. In *Burnworth v. Hughes*, 234 Kan. 69, 670 P.2d 917 (1983), the father initiated an action under the UCCJA to obtain custody of his children, or, in the alternative, visitation rights. The father had been ordered by two other states to pay support. The Supreme Court held the district court had jurisdiction to enter a new order of support in the custody proceedings even though the mother had not moved for support. The court based its holding on the equitable powers of the district court to act in the best interests of the child.

It has also been held that Kansas courts have jurisdiction to *modify* a child support order of another state based on the common-law duty of support. *Warwick v. Gluck*, 12 Kan. App. 2d 563, Syl. ¶ 2, 751 P.2d 1042 (1988). It should be noted, however, that plaintiffs do not style their action as an action seeking modification of the Nebraska order. The petition does not mention the Nebraska order.

It is clear from a review of these cases that the district court had subject matter jurisdiction over this action, based upon its authority to enforce the mother's common-law duty of support. As regards subject matter jurisdiction, the trial court's reliance on *Nixon* is misplaced. *Nixon* involved two district courts within the State of Kansas. The issue was whether, once a court obtained jurisdiction over child support under 60-1610(a), it retained such jurisdiction to the exclusion of other courts. *Nixon* did not involve the courts of separate states and the common-law obligation of support as in the present case.

### Comity

Should the district court have declined to exercise jurisdiction under principles of comity? It is well established that, when a court of competent jurisdiction acquires jurisdiction of the subject matter, its authority continues until the matter is finally disposed of and no court of coordinate jurisdiction should inter-

fere with its action. *Schaefer v. Milner*, 156 Kan. 768, 775, 137 P.2d 156 (1943). Courts should exercise comity between themselves in order to avoid expense, harassment, and inconvenience to the litigants. *Perrenoud*, 206 Kan. at 573. Under principles of comity, courts of one state give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. *Head*, 242 Kan. 442, Syl. ¶ 2.

We have been unable to find a Kansas case applying comity principles to a common-law action for support. As previously discussed, Kansas appellate courts have allowed a common-law action for support even though another state had issued a prior support order. Although these cases do not address comity directly, they support the conclusion that comity may not be a bar to all common-law actions for support which are filed after another state has issued support orders.

It should be noted, however, that in the area of child *custody* the Supreme Court has expressed some concern as to the possibility that parents will engage in "forum shopping" in order to redetermine custody issues in a more favorable jurisdiction, or seek to relitigate the issue on an allegation of changed circumstances. *Perrenoud*, 206 Kan. at 577. In custody cases, the court has the discretion to refuse to invoke jurisdiction under the equitable "clean hands" doctrine where there is misconduct or malfeasance on the part of the parent seeking reexamination of the issue. *Perrenoud*, Syl. ¶ 12. In custody cases, the "changed circumstances" rule does not allow a parent to go from one state to another, relitigating issues which have been very recently resolved in another jurisdiction. *Perrenoud*, Syl. ¶ 14.

An action to enforce a parent's common-law duty to support is equitable in nature. *Burnap v. Burnap*, 144 Kan. 568, 569, 61 P.2d 899 (1936). Therefore, the equitable doctrine of "clean hands" discussed in *Perrenoud* should also apply to actions to enforce the common-law duty of support. If the plaintiffs in this case are acting in bad faith by invoking the jurisdiction of the Kansas courts, then the court could refuse to exercise its jurisdiction.

We conclude that, based upon principles of comity and the equitable "clean hands" doctrine, the trial court did not abuse its discretion in refusing to exercise jurisdiction. This action was filed only three months after the Nebraska court denied the

motion for child support. In the petition for support, plaintiffs did not refer to the previous judgment of the Nebraska court. Plaintiffs, disappointed by the Nebraska judgment, should not be allowed to move into this state and file a new action for support. To allow such conduct would only encourage "forum shopping" and disregard of the judicial proceedings of other states, in violation of the principles of comity.

Plaintiffs cite *Dipman*, 6 Kan. App. 2d 844, in support of their argument that the trial court should exercise its jurisdiction in the matter of support. *Dipman*, however, is distinguishable from the present case. There, the plaintiff was seeking a reduction in the amount of support ordered by another state based upon changed circumstances. In this case, plaintiffs are not seeking modification of a previous order but are bringing an original action to establish support. Under these circumstances, it was within the discretion of the trial court to decline to exercise jurisdiction.

Plaintiffs also rely on cases which support the exercise of jurisdiction by a court based upon its *parens patriae* authority. Our decision here, however, is not based upon the court's lack of subject matter jurisdiction but upon principles of comity and the equitable "clean hands" doctrine. We do not suggest that Kansas courts are without power under their *parens patriae* authority to order child support or modify orders from other states. Under the particular facts in this case, however, where an original action for support was filed only three months after the judgment denying support was filed in another state and the original action made no mention of the prior judgment, the trial court was correct in declining to exercise jurisdiction.

As we affirm the trial court's judgment based upon comity, we need not address whether the full faith and credit rationale is also applicable.

Affirmed.