(120 P.3d 802)

No. 92,812

In the Matter of the Marriage of EDWARD PAUL LAINE, *Appellant*, and GALE T. GREGORY-LAINE, *Appellee*.

Opinion filed October 7, 2005.

*Larry Linn*, of Wichita, for the appellant.

*Charles F. Harris*, of Kaplan, McMillan and Harris, of Wichita, for the appellee.

Before PIERRON, P.J., CAPLINGER, J., and BUKATY, S.J.

PIERRON, J.: Edward Paul Laine appeals the district court's order setting aside a Journal Entry of Judgment and Decree of Divorce he obtained in Kansas from his wife Gale T. Gregory-Laine. Edward argues the Kansas district court had jurisdiction to enter the divorce, the court misinterpreted K.S.A. 60-260(b)(4) and (6) in granting the order to set aside based on the doctrine of comity, and the judge entering the order to set aside cannot substitute his judgment for the judge entering the divorce decree. We affirm.

Edward and Gale were married on May 1, 1994, in Indiana, but they moved to Texas. There was one child of the marriage, Reagan, born October 11, 2001. Reagan has never resided in Kansas. After the parties became estranged, Edward moved to Wichita in August 2000.

On January 2, 2002, Gale filed a divorce action in Texas. On January 17, 2002, Edward hired counsel and filed an answer in the Texas divorce action and then filed his first counterpetition for divorce on March 18, 2003. Edward hired different counsel and filed his second amended counterpetition for divorce on May 23, 2003.

On October 15, 2003, Gale obtained a temporary restraining order and order setting a hearing in the Texas divorce case. The order set October 29, 2003, as the hearing date to determine if a temporary injunction should be entered. The order restrained Edward from

"[i]nstituting any action in any other county, state, or nation attempting to obtain temporary or permanent orders concerning the marriage relationship of the parties, the dissolution of that relationship, spousal support, the conservatorship, custody, and support of the children of the parties, or any other order normally issued incident to a divorce proceeding or other proceeding involving the marital or parent-child relationship."

On October 17, 2003, for whatever reason, Edward filed a petition for divorce in the Sedgwick County District Court of alleging that he had accumulated certain property within the State of Kansas during his marriage to Gale and it should be awarded to him as his sole and separate property. On that same date, Edward sent a letter to the clerk of the district court in Texas referring to the Kansas divorce action and stating he would not be available for the restraining order hearing on October 29, 2003, due to lack of advance notice. He requested a final trial date for the Texas divorce action. On October 29, 2003, the Texas district court issued a supplemental temporary injunction enjoining Edward from instituting, maintaining, or prosecuting divorce proceedings until resolution of the Texas divorce.

Gale received service of process of the Kansas divorce action on November 28, 2003. Gale did not enter an appearance in the Kansas divorce action. On December 30, 2003, Edward appeared with counsel before District Judge Anthony J. Powell for a default divorce proceeding. At the default hearing, Edward informed the district court there was "an ongoing domestic proceeding out of Dallas County in Texas that involves, among other things, the cus-

tody and visitation regarding [his] minor child." Edward asked the court to enter orders relating to the Kansas property he had acquired during his residency in Kansas. Edward's counsel informed the court that Gale's attorney in Texas advised that Gale would not come to Kansas. There was no mention or discussion of the temporary injunction during the hearing. Based on *In re Marriage of Salas*, 28 Kan. App. 2d 553, 19 P.3d 184 (2001), Judge Powell granted a default divorce and awarded various investment accounts and savings bonds, a retirement account, a savings account, and life insurance policy to Edward. The court entered its order on December 30, 2003.

On February 2, 2004, Gale filed a motion for an order to set aside the Journal Entry of Judgment and Decree of Divorce in the Kansas divorce pursuant to K.S.A. 60-260(b)(4) and (6). Before a hearing on the motion to set aside, the Texas district court granted a Final Decree of Divorce on March 18, 2004, addressing custody of the child, child support, spousal maintenance, property division, and attorney fees. The Kansas district court heard the motion to set aside on April 12, 2004, before District Judge David J. Kaufman. By letter ruling on April 27, 2004, Judge Kaufman granted Gale's motion based on the doctrine of comity. Judge Kaufman stated he had examined the entire record and the relevant case law and decided the case was "far beyond the law set forth in *Salas*." Judge Kaufman stated the Texas court had personal jurisdiction over all parties and that Edward had actively litigated the Texas divorce case but was simply dissatisfied "with the manner in which the Texas case was proceeding."

Edward argues the district court erred in granting Gale's motion to set aside. He contends the Kansas district court had jurisdiction to enter the divorce pursuant to *Salas*. He also maintains the district court misinterpreted K.S.A. 60-260(b)(4) and (6) in granting the order to set aside based on the doctrine of comity and that Judge Kaufman could not substitute his judgment for that of Judge Powell by setting aside the Kansas divorce decree.

The district court's decision based on the doctrine of comity falls within K.S.A. 60-260(b)(6), which allows relief where there is "any other reason justifying relief from the operation of the judgment."

The ruling on a motion for relief from judgment rests within the sound discretion of the district court and absent an abuse of that discretion will not be reversed. *In re Marriage of Welliver*, 254 Kan. 801, 811, 869 P.2d 653 (1994). We will find an abuse of discretion only where no reasonable person would take the view adopted by the district court. See *In re Marriage of Zodrow*, 240 Kan. 65, 68, 727 P.2d 435 (1986). "K.S.A. 60-260(b)(6) is to be liberally construed to preserve the delicate balance between the conflicting principles that litigation be brought to an end and that justice be done in light of all the facts." *Wirt v. Esrey*, 233 Kan. 300, Syl. ¶ 2, 662 P.2d 1238 (1983).

The theory at the forefront of this case is the doctrine of comity. Judicial comity is the principle where the courts of one jurisdiction or state give effect to the decisions of courts of other jurisdictions or states out of deference and respect. Whether a district court should have declined jurisdiction over a case under the doctrine of comity is reviewed under the abuse of discretion standard as well. See *Anderson v. Anderson*, 214 Kan. 387, 392, 520 P.2d 1239 (1974); *Boyce v. Boyce*, 13 Kan. App. 2d 585, 590, 776 P.2d 1204, *rev. denied* 245 Kan. 782 (1989).

In *Hepner v. Hepner*, 115 Kan. 647, 223 Pac. 1095 (1924), a wife instituted an action for alimony; the husband then went into Oklahoma, secured a divorce from the wife, and pleaded the Oklahoma divorce as a bar to the action for alimony. It was held the Kansas court having prior jurisdiction of the action by the wife against her husband for alimony could not be ousted of its jurisdiction over the parties and subject matter by the institution of the later action in another state by the husband against the wife for a divorce, nor because such later action proceeds first to judgment by default in the husband's favor. The court held the judgment in Oklahoma was not a bar to the wife's prior action for alimony where the wife did nothing to abandon her right to litigate her cause to a conclusion in the court of prior jurisdiction. 115 Kan. 647, Syl. ¶ 1.

The *Hepner* court found that since the Kansas court had acquired prior jurisdiction of the parties and the subject matter, noth-

ing thereafter done in Oklahoma could strip the Kansas court of jurisdiction. Citing various prior Kansas decisions, the court stated:

"This is an elementary rule of comity between courts. But the rule is more than one of mere comity. It is one of fundamental necessity to the dignified and orderly administration of justice and to prevent a collision of authority between courts, with all the unseemly consequences bound to flow therefrom. [Citations omitted.]" 115 Kan. at 647-48.

See *Watts v. Watts*, 151 Kan. 125, 131, 98 P.2d 125 (1940).

In *Boyce*, the plaintiffs filed suit in Kansas for child support immediately after they lost an identical suit in Nebraska. After noting the rules of comity, the court ruled that the district court did not abuse its discretion in declining jurisdiction because disappointed plaintiffs should not be allowed to engage in forum shopping after they have lost an identical suit in another state. 13 Kan. App. 2d at 590-91. This court declined jurisdiction, stating:

"It is well established that, when a court of competent jurisdiction acquires jurisdiction of the subject matter, its authority continues until the matter is finally disposed of and no court of coordinate jurisdiction should interfere with its action. *Schaefer v. Milner*, 156 Kan. 768, 775, 137 P.2d 156 (1943). Courts should exercise comity between themselves in order to avoid expense, harassment, and inconvenience to the litigants. *Perrenoud*, 206 Kan. [559] at 573. Under principles of comity, courts of one state give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. *Head*, 242 Kan. 442, Syl. ¶ 2." 13 Kan. App. 2d at 589-90.

In *Anderson*, 214 Kan. at 392, our Supreme Court found the Butler County District Court did not abuse its discretion when it accepted jurisdiction over a case while related proceedings were pending before the Sedgwick County District Court. In *Anderson*, the father and mother of a minor child were divorced in Minnesota and child custody was given to the father. The mother was given the right to take the child on a 4-week summer vacation to Wichita. While in Kansas, the mother exceeded the 4-week stay and filed suit in Sedgwick County seeking custody of the child. She was granted temporary custody pending further proceedings. The mother and child then moved to Butler County. The father filed a K.S.A. 60-1501 action in Butler County seeking custody of the child. The Butler County District Court found that full faith and

credit should be given to the Minnesota divorce and child custody decree and granted custody to the father. Our Supreme Court stated:

"Under the principle of comity the Butler district court might . . . have deferred taking action on plaintiff's application for the writ until after the District Court of Sedgwick County had conducted a final hearing, but it was not required to give priority and we discern no abuse of discretion when it proceeded to hear its own lawsuit expeditiously. While we look with no great favor on multiple litigation or legal maneuvering for position on the part of litigants [citation omitted] we are aware of no legal impediment to Judge Benson's entertaining the habeas corpus action. The Butler district court had jurisdiction over the parties, over the subject matter and over the child, whether or not a suit for change of custody was pending elsewhere. The two actions were separate and distinct lawsuits and the question of priority of time in filing was immaterial." 214 Kan. at 392.

The case at bar calls for application of the doctrine of comity. Edward argues the case is controlled by *Salas*, 28 Kan. App. 2d 553, and his argument is patterned along the *Salas* theory. However, his argument is completely without merit. The Kansas court may have had personal jurisdiction over Edward and in rem jurisdiction over the Kansas property, but Texas had prior complete jurisdiction over both parties and all property. When Edward filed his Kansas divorce action, the Texas court had already exercised jurisdiction over the matter for almost to 2 years. As per the definition of comity, the Texas court was a court of competent jurisdiction that had acquired jurisdiction over the parties and the subject matter and its authority continued until the matter was finally disposed of and a Kansas court with coordinate jurisdiction should not interfere with its action.

*Salas* did not have any concerns involving the issues of comity, which is a critical distinction from the case at bar. *Salas* involved resolution of a Kansas divorce, involving Kansas property, where the court did not have subject matter jurisdiction over a spouse living in another state. There was no competing divorce action in another state. Further, in the instant case, the issue of the temporary restraining order issued by the Texas court of competent jurisdiction was not even brought to the attention of the district court during the default proceedings. *Salas* is not applicable and provides no controlling authority.

The general rule is that courts should exercise comity between themselves in order to avoid expense and harassment and inconvenience to the litigants. This general rule is applicable not only between courts of coordinate jurisdiction within the same state, but between federal courts and state courts, and between state courts of different states. See *Schaefer v. Milner*, 156 Kan. 768, 775, 137 P.2d 156 (1943). The district court did not abuse its discretion in granting Gale's motion to set aside the divorce pursuant of K.S.A. 60-260(b)(6) based on the doctrine of comity.

Edward also raises issues concerning the legality of allowing Judge Kaufman to hear the motion to set aside since he did not issue the divorce decree and also whether the Texas court had personal jurisdiction over him in any event. Neither of these issues were raised before the trial court. See *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003) (Issues not raised before the trial court cannot be raised on appeal.). Even had they been properly raised, we see no possibility of their being successful.

Affirmed.